**UNDERWOOD v. UNITED STATES.**

No. 9455.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1941.

B. K. Goree, Geo. W. Rice, and W. S. Harris, all of Fort Worth, Tex., for appellant.

Steve M. King, U. S. Atty., and Fred Hull, Asst. U. S. Atty., both of Beaumont, Tex., for appellee.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought this suit to cancel certain tax liens filed by the United States against two tracts of land in Gregg County, Texas, as a cloud upon his title. The facts were stipulated. Those material are as follows:

Brown McCallum, J. S. Presnall, Jr., and C. W. (Jack) Buckley were partners doing business as Hanover Refining Co. A permit to carry on a gasoline refinery was issued to Hanover Refining Co.; the business was registered in the name of the company; all

taxes paid to the United States were paid in the name of the company. Presnall and McCallum each owned one of the tracts of land individually and were jointly indebted to appellant in a sum exceeding $1,000,000. On December 4, 1935, they jointly executed and delivered to appellant a trust deed covering both tracts to secure their indebtedness. The deed of trust was not recorded as required by Art. 6627 R.C.S. of Texas 1925, until March 12, 1936. Thereafter the trust deed was foreclosed and the property, of the value of $1250.00, was bought in by appellant. In the meantime, on February 20, 1936, after the trust deed was executed but before it was recorded, the United States filed for record in the tax lien records of Gregg County, notices of tax liens for gasoline taxes against McCallum, Presnall and Buckley, doing business as Hanover Refining Co., for the months of February, March and April, 1934, aggregating $4,964.99.

In the District Court plaintiff contended and here contends the Government's lien is not superior to plaintiff's prior and unrecorded deed of trust and that it attached only to the partnership property of Hanover Refining Company and did not attach to the property individually owned by McCallum and Presnall.

In a well considered opinion, reviewing Texas and Federal authorities, the District Court held that the United States was a creditor; that the trust deed was void as to creditors until recorded; and therefore the tax lien was superior to the unrecorded mortgage lien.

Under the provisions of the Internal Revenue Code, Section 3670, 26 U.S.C.A. Int.Rev.Code, § 3670, the United States is entitled to a lien for unpaid taxes upon all property and rights of property, whether real or personal, belonging to the tax debtor. Hanover Refining Company was merely a trade name used for convenience and not an entity, similar to a corporation, capable of owning property in its own name. If there was any property standing in the name of the company ownership vested in the partners. The partners were liable individually for any debts contracted in the name of the company and for any taxes validly assessed against it. It may be noted that in this case while taxes were paid by the company in the ordinary course the notice of lien was recorded against the individual partners as well as the company. The United States

was undoubtedly a creditor and it is not suggested that any officer of the Government, certainly not one who had authority to bind the United States, had notice of the execution of the trust deed. The tax lien was superior to the lien of the unrecorded trust deed. Gordon-Sewall & Co. v. Walker, Tex.Civ.App., 258 S.W. 233.

Affirmed.