**UNITED STATES of America,**
**Plaintiff,**

v.

**William G. ROSS, Defendant.**
**Civ. No. 0283.**

United States District Court
D. Nebraska.
Sept. 9, 1959.

Thomas J. Skutt, Asst. U. S. Atty., Omaha, Neb., for plaintiff.

Milton R. Abrahams, Omaha, Neb., for defendant.

ROBINSON, Chief Judge.

This is an action by the United States, brought at the direction of the Commissioner of Internal Revenue, to recover the sum of $4,478.30 and interest, representing certain federal taxes assessed against defendant, William G. Ross, and

Frank Kornfeind for the taxable periods during 1948.

The evidence shows that on January 16, 1948, Frank Kornfeind and the defendant formed a partnership known as the Chicago-Nebraska Motor Express. They were the sole members of the partnership and they engaged in the freight and trucking business until December 15, 1948. On that date the defendant entered into a written agreement with Frank Kornfeind whereby the defendant transferred and assigned his entire interest in the partnership to Kornfeind. Kornfeind became the sole owner and operator of the partnership business and the assets thereof, and he continued in that business for over two years. He then engaged in a new motor carrier operation.

By the terms of the dissolution agreement of December 15, 1948, Kornfeind assumed and agreed to pay all liabilities of the partnership. Subsequently the Commissioner of Internal Revenue made assessments for Social Security, Withholding, Excise and certain Unemployment taxes accruing while the partnership was in existence during 1948. Notice and demand were made upon the partnership and upon Kornfeind and the defendant individually for the assessed taxes.

On July 20, 1953 a federal tax lien was filed in Cook County, Illinois, against Kornfeind and defendant in the amount of $2,499.06, for certain of these taxes. On April 6, 1954, Kornfeind made offers totaling $2,300 in compromise of the assessment. He made payments on an installment basis until the amount of his compromise was paid. On March 28, 1958, he was discharged of all liability for the taxes, and the recorded tax lien was released as to him. It was alleged by the defendant and the evidence shows that Kornfeind acted independently and without the knowledge of the defendant in making the offer and subsequent compromise of the tax liability. The six offers which were submitted to the Internal Revenue listed W. G. Ross and Frank Kornfeind as the "taxpayer" and were signed by Frank Kornfeind as "proponent or agent". However, each of the offers contained a statement signed by Kornfeind, which read: "This offer is submitted in lieu of my liability to pay balance of said tax, penalty and interest, remaining after deducting from assessment the amount hereby tendered, collection of which balance shall not be enforced against me by suit or any other proceedings; it is being understood that this undertaking shall not release any other person from liability under said assessment".

On December 27, 1956, the United States filed this action against defendant to recover the balance of $4,478.30.

On January 30, 1957, defendant filed his motion for dismissal of the action, alleging that Kornfeind was not joined as a party thereto; or in the alternative for an order requiring Kornfeind to be added as a party defendant. The motion set forth in detail the particulars of the dissolution agreement between the partners and included the fact that Kornfeind had assumed and agreed to pay the tax liabilities. That motion was overruled. However, from the motion, as well as from the offers submitted in compromise in 1954, and previous conversations between defendant and the Internal Revenue Service in Omaha, Nebraska, in 1949, the plaintiff had full knowledge of the dissolution of the partnership and of Kornfeind's assumption of the tax liabilities.

On the trial it was the position of the plaintiff that the offers in compromise made by Kornfeind and accepted by the United States did not release the defendant from liability on the taxes. The defendant contended that the acceptance of such offers in compromise by the United States, its failure to act or proceed against Kornfeind for the collection of the taxes, and the release of the federal tax lien, discharged the defendant from liability on the taxes.

The partnership involved herein came into being and operated under the laws of the State of Illinois. Under the Conflict of Laws doctrine this Court

must look to the law of Illinois to determine the legal effect of the facts presented. Section 36 of The Uniform Partnership Act of Illinois, Chapter 106½, Section 36, Illinois Revised Statutes, 1953, provides as follows:

"(1) The dissolution of the partnership does not of itself discharge the existing liability of any partner.

"(2) A partner is discharged from any existing liability upon dissolution of the partnership by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business, and such agreement may be inferred from the course of dealing between the creditor having knowledge of the dissolution and the person or partnership continuing the business.

"(3) Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations."

The evidence here shows that defendant transferred his entire interest in the partnership to Kornfeind and Kornfeind assumed and agreed to pay all the partnership liabilities. The United States, as a creditor of the partnership, had full knowledge of the dissolution agreement through its dealings with Kornfeind and the defendant. Indeed, knowledge of the agreement must be assumed from the course of dealings during the compromise offers between Kornfeind and the United States.

■ The tax involved here was a single tax against the partnership and not an individual assessment against each partner. The obligation of the two partners was therefore a joint and several obligation. Section 3670 of the Internal Revenue Code, 1939, 26 U.S.C.A. § 3670, (26 U.S.C.A. § 6321, 1954) specifically provides that delinquent taxes shall be a lien in favor of the United States upon all property and rights to property belonging to the taxpayer. It has been held that tax liens attach not only to partnership property but also to property individually owned by two partners. Underwood v. United States, D.C., 37 F. Supp. 824, affirmed 5 Cir., 118 F.2d 760.

When the United States compromised the tax liability with Kornfeind and released the lien filed in Cook County, it eliminated not only the property of Kornfeind as security for the assessment, but it also eliminated the partnership property held by Kornfeind. Thus we have a material alteration in the nature or time of payment of the joint and several partnership obligation. It is the opinion of the Court that the defendant has been discharged from any tax liability for the partnership obligation.

■ Further, it is well settled that a creditor of a dissolved partnership, having knowledge of the dissolution, must first pursue his remedy against the partnership assets in the hands of the partner who assumed responsibility and the retiring partner stands merely as a surety.

"* * * if the creditor has a lien upon the property of a principal, the creditor at once becomes charged with the duty of retaining such security or maintaining such lien in the interest of the surety, and any release or impairment of this security as a primary resource for the payment of the debt will discharge the surety to the extent of the value of the property or lien released. * * * if, in the process of collecting the debt by proceedings at law, the creditor does secure a lien by execution or attachment or otherwise, there immediately arises a trust relation between the parties, and the creditor, as trustee, is bound to account to the surety for the value of the security in his hands, and if the security is released, *the burden is upon the creditor to justify his*

*relinquishment of the securities by showing the worthlessness of the property or lien released."* (Emphasis supplied.) Stearns on Suretyship (3rd Ed.) 137–138.

The tax lien filed by the United States attached not only to existing assets of the taxpayers but also to any after acquired interests, Glass City Bank, etc. v. United States, 326 U.S. 265, 66 S.Ct. 108, 109, 90 L.Ed. 56, and afforded considerably more security to the holder than under a normal lien. The lien applied to all of the partnership assets of Chicago-Nebraska Motor Express, as well as to all additional assets which Kornfeind subsequently acquired. Since defendant, as a retiring partner, stood in the position of a surety, this lien was of the utmost importance to him. The release of the lien by the United States nullified any right of subrogation he may have had. The United States here had a lien upon the property of the partnership and it was charged with the duty of retaining the lien in the interest of the surety. When it released the lien as a primary resource for the payment of the assessment, it discharged the surety to the extent of the value of the lien released.

The evidence presented indicates that the lien was a valuable one. Kornfeind took over the partnership in 1948, continued in that business for over two years and then started a new, larger, motor operation. The burden was upon plaintiff here to justify the relinquishment of the lien by showing the worthlessness thereof. 72 C.J.S. Principal and Surety § 204, pp. 669–670; 50 C.J., Principal and Surety, Section 266, p. 163. The plaintiff did not offer evidence on this issue.

Judgment will be entered for the defendant. Counsel for the defendant will prepare findings of fact, conclusions of law and an order of judgment within ten days and submit them to counsel for the plaintiff for approval. Any differences in that regard, should they arise, will be resolved by the Court prior to final approval and filing