**Jack E. FORE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21255.**

United States Court of Appeals
Fifth Circuit.

Dec. 4, 1964.

Rehearing Denied Jan. 21, 1965.

Bennett B. Patterson, Larry W. Morris, Houston, Tex., for appellant.

Alec C. Pandaleon, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., William W. Justice, U. S. Atty., Tyler, Tex., Joseph Kovner, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before RIVES and BROWN, Circuit Judges, and INGRAHAM, District Judge.

INGRAHAM, District Judge:

This is an appeal from a summary judgment adjudicating priority of liens. The question presented is whether a federal tax lien is entitled to priority over a personal judgment which was obtained by the appellant against the taxpayer before the federal lien was recorded but which did not constitute a lien on the taxpayer's personal property and which had not been levied upon at the time of recordation.

In March, 1963, J. P. Duncan filed suit in the District Court of Harrison County, Texas, against Sunset Drilling Company (the taxpayer) and Cliff W. Trice for the sum of $24,767.28, interest, attorneys' fees and other expenses, and for the foreclosure of a chattel mortgage upon certain cattle located in Harrison County which belonged to the taxpayer. Also named as defendants were Jack E. Fore and the United States, both of whom allegedly asserted liens upon the cattle covered by the chattel mortgage.

Jack E. Fore had obtained a personal judgment on October 26, 1962, in the District Court of Harris County, Texas, for $44,495 against Sunset Drilling Company. An abstract of this judgment was filed in the office of the County Clerk for Harrison County on November 10, 1962.

The United States had made assessments totalling $30,961.92, notice of which was filed with the County Clerk of Harrison County on November 15, 1962. A second notice of federal tax lien, based upon different assessments, was filed on February 19, 1963.

On petition of the United States, the case was removed to the court below, and a receiver was appointed. The cattle were sold for $43,930, and after payment of the receiver's fee and expenses, there remained for distribution $40,857.92. Following removal of the suit, R. T. Walts, a farm hand for Sunset Drilling Company, filed a laborer's lien for $900 allegedly expended in feeding and caring for the cattle.

All parties filed motions for summary judgment, and the District Court held that after the payment of court costs, the proceeds should be distributed in the following order: (1) the laborer's lien of $900, (2) the claims of J. P. Duncan for $24,767.28 (plus interest), an attorney's fee of $2,476.73, and $671.65 for feed purchased for the cattle covered by the chattel mortgage and (3) the tax liens of the United States. The court expressly held that Jack E. Fore had no

lien under Texas law by virtue of his judgment, and denied his motion for summary judgment.

Pursuant to a motion filed by J. P. Duncan, R. T. Walts and the United States, the judgment was later amended to provide that Duncan's lien for attorney's fees was inferior to the tax liens of the United States but superior to all other liens, and that Walts' lien for $900 was subordinate to the chattel mortgage lien and tax liens, but superior to the claim of Jack E. Fore. The amended judgment did not affect the denial of Fore's claim.

In his appeal, Jack E. Fore does not contest the District Court's holding that J. P. Duncan and R. T. Walts were entitled to be paid ahead of him. The only issue involved in this appeal is whether the court erred in granting the tax liens of the United States priority over the claim of Jack E. Fore based upon his personal judgment in the state court.

■ Appellant had no lien under Texas law by virtue of his judgment. The filing and indexing of his judgment in the abstract of judgment records of Harrison County entitled him to a lien upon all of the real estate of the defendant Sunset situated in the county. It gave him no lien in the personal property of the defendant. From the record in the case he had no possessory lien, no attachment lien, no execution lien, no record lien of any kind. In fact, appellant claims no lien. He claims priority because his judgment against Sunset was rendered prior to the filing of the Government's tax lien.

Appellant's claim is based upon a literal interpretation of 26 U.S.C.A. § 6323(a), which provides in part:

"(a) Invalidity of lien without notice.—Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate—"

■■ We do not believe appellant's claim is sound. A money judgment, unsecured by any lien, is simply an adjudication, between plaintiff and defendant, that defendant owes plaintiff $X. Such a judgment plaintiff has no rank, superior or inferior, to other claimants. His only superior position is against his judgment debtor, against whom he has litigated. The law allows him to fix or establish liens by attachment or execution, which require affirmative action by plaintiff (appellant here), which was not done in this case.

■ We believe that "judgment creditor" as used in Section 6323(a) means a judgment lien creditor. This is by far the predominant view. Miller v. Bank of America, N.T. & S.A., 166 F.2d 415 (9th Cir. 1948); Ersa, Inc. v. Dudley, 234 F.2d 178 (3rd Cir. 1956); Beeghly v. Wilson, 152 F.Supp. 726 (N.D. Iowa 1957); United States v. Levin, 128 F.Supp. 465 (D.Md.1955); United States v. Fisher, 93 F.Supp. 73 (N.D.Cal.1948). Until a lien is fixed against specific property, who knows how many judgments or claims may exist against the owner, or the order of their priority? Section 6323(a) uses the word "purchaser" along with "judgment creditor". Purchaser, so used, can be considered synonymous with grantee in a deed. In Underwood v. United States, 37 F.Supp. 824 (E.D.Tex. 1939), aff'd 118 F.2d 760 (5th Cir. 1941), a tax lien filed after the execution of a deed of trust but before it was recorded was held superior to the unrecorded deed. Until the competing state-created lien becomes choate in the federal sense, it has no protection against a recorded tax lien. This principle was clearly enunciated by the Supreme Court in United States v. Pioneer American Ins. Co., 374 U.S. 84, at page 89, 83 S.Ct. 1651, at page 1655, 10 L.Ed.2d 770 (1963), when it stated:

"We reject respondents' contention that the choateness rule has no place when a mortgage under § 6323(a) is involved. The predecessor to § 6323 was first enacted by Congress in 1912 in order to protect

mortgagees, purchasers and judgment creditors against a secret lien for assessed taxes and to postpone the effectiveness of the tax lien as against these interests until the tax lien was filed. H.R.Rep.No.1018, 62d Cong., 2d Sess. The section dealt with the federal lien only and it did not purport to affect the time at which local liens were deemed to arise or to become choate or to subordinate the tax lien to tentative, conditional or imperfect state liens. Rather, we believe Congress intended that if out of the whole spectrum of state-created liens, certain liens are to enjoy the preferred status granted by § 6323, they should at least have attained the degree of perfection required of other liens and be choate for the purposes of the federal rule."

The judgment of the district court is correct and is

Affirmed.