**Carl L. LIDBERG, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 4–73–Civil 165.**

United States District Court, D. Minnesota, Fourth Division.

Feb. 20, 1974.

Solomon Wasserman, Wasserman & Lewis, Minneapolis, Minn., for plaintiff.

D. Patrick Mullarkey, Atty., Tax Div., Dept. of Justice, Washington, D. C., John M. Lee, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM FINDINGS OF FACTS, AND CONCLUSIONS OF LAW, AND ORDER

LARSON, District Judge.

The parties have filed a stipulation of facts.

In October, 1966, Wilbur Milton and family formed A & H Machinery Erectors, Inc. (hereinafter A & H), a Minnesota corporation, to perform millwright work and related activities and to continue work in process by Milton. From August, 1966, until early in January, 1967, Carl Lidberg (hereinafter the taxpayer) worked with Milton and then A & H on these jobs.

The taxpayer subsequently brought an action in Hennepin County District Court in the State of Minnesota for an accounting against A & H and Milton. Finding that A & H was a mere alter ego of Milton and that a joint venture relationship existed between Milton and the taxpayer from August, 1966, through the first week of January, 1967, the Court on October 16, 1969, entered a judgment for the taxpayer for $35,891.-92 plus interest against A & H and Milton. Each of them was declared to be jointly and severally liable for this amount.

In connection with this action, certificates of deposit in the amount of $76,050.20 were established in a local bank in the names of the taxpayer and an agent of A & H, Milton, and Milton's wife. Pursuant to the State Court judgment, the taxpayer had a property interest of $35,891.92 in these funds.

The joint venture had failed to collect and pay over Federal withholding taxes and Federal Insurance Contribution taxes for the final two quarters of 1966 in the amounts of $2,568.73 and $13,856.24, respectively. Jeopardy assessment in

these amounts were made on November 12, 1969, against the taxpayer, Milton, and A & H. Notice of this assessment in the amount of $16,404.97 plus interest from the date of assessment was filed the following day. The taxpayer, Milton, and A & H were at all pertinent times jointly and severally liable for these taxes.

In a separate action, the United States subsequently obtained a tax judgment against Milton, A & H, and a related company in the amount of $88,131.76 plus interest. United States v. Milton, No. 4–69–Civ. 237 (D.Minn.1971). The bank that had the certificates of deposit from the State Court action was ordered to pay the taxpayer $35,891.92 plus interest, representing his property interest in the funds. The bank also was ordered to pay a portion of the funds, $7,489.10 plus interest, to an intervenor and to charge this amount to the taxpayer's ownership interest.

The remainder of the funds in the bank was ordered to be foreclosed pursuant to these separate tax liens against Milton and A & H. A deficiency judgment for the balance of the $88,131.76 (plus interest) owed by Milton and A & H was also entered.

The Government then levied and collected $37,542.43 out of the certificates of deposit in partial satisfaction of the separate liabilities of Milton and A & H. With respect to the 1966 tax obligations owed jointly and severally by the taxpayer, Milton, and A & H, the Government levied $17,805.98 on the portion of the certificates in which the taxpayer had obtained a property interest pursuant to the State Court judgment.

The taxpayer filed timely claims for refund in the amount of the levy against his share of the funds on July 12, 1971. The claims were disallowed in full by the District Director of Internal Revenue on March 29, 1972.

The taxpayer then brought this action seeking refund of the $17,805.98. The

Court has jurisdiction under 28 U.S.C. § 1346(a)(1).

The issue is whether the Government erred in levying on the taxpayer's share of the funds in satisfaction of the liens for the 1966 taxes. The taxpayer contends that the levy for this obligation should have been made on the overall assets of the joint venture, rather than from his personal share of those assets.

He maintains that after subtracting the intervenor's judgment from his share, the Government should have levied on the balance of $69,571.10 remaining in the certificates. This would have left nearly $52,000 from which he could now extract his remaining interest ($35,891.92 less the intervenor's share properly subtracted from his interest). As it is, the taxpayer has ended up with about $10,000 as a result of the Government having levied all of the 1966 tax liability from his share.

The taxpayer rests his argument upon the fundamental principle of partnership law that unless partnership assets are insufficient, creditors of the partnership must first look to joint or partnership property before levying on the individual property of the partners. 68 C.J.S. Partnership, § 195b (1950). Since the parties agree that applicable law equates the treatment of a joint venture with a partnership, 26 U.S.C. § 761; M.S.A. § 323.02 subd. 8, the taxpayer contends that this rule compels the Government to levy on the overall assets of the joint venture, the sum remaining after subtraction of the intervenor's judgment. As the taxpayer points out, this amount was sufficient, at one time, to cover the liability for the jeopardy assessments here in question without necessitating resort to the taxpayer's personal share of the funds.

The Court considers this argument unsound. The Government concedes, as it must, the validity of the elementary principle relied upon by the taxpayer. *See, e. g.,* Application of Camhi, 208 N.

Y.S.2d 162, 165, 28 Misc.2d 93 (1960); Casey v. Grantham, 239 N.C. 121, 126, 79 S.E.2d 735 (1954). Derived from the equitable principle of the marshaling of assets, 68 C.J.S. Partnership, *supra*, § 185, this also apparently is the law in Minnesota. *Cf.* 14 Dun.Dig., Partnership, § 7384 (3rd ed. 1954). At least, the parties treat it as such, and the enactment of the Uniform Partnership Act in this State and elsewhere has not altered this fundamental tenet. 60 Am.Jur.2d Partnership, § 307 (1972).

But this principle is inapplicable to the case at hand. Section 6321 of the Internal Revenue Code of 1954, 26 U.S.C. § 6321, provides for a lien "upon all property and rights to property, whether real or personal, belonging to . . . ." each person liable under the Federal tax laws. Liens for taxes incurred by a partnership or joint venture attach not only to joint or partnership property, but also to property individually owned by the partners or joint venturers. Underwood v. United States, 118 F.2d 760, 761 (5th Cir. 1940); United States v. Ross, 176 F.Supp. 932, 935 (D.Neb.1959); In re Crockett, 150 F.Supp. 352, 354 (N.D.Cal.1957). *See also* M.S.A. § 323.14(1). Since the taxpayer, Milton, and A & H were jointly and severally liable for the taxes in question, the Government could have levied on any of their individual property interests.

Had it followed the procedures demanded by the taxpayer, it would have had a larger outstanding deficiency judgment on the other unrelated taxes owed by Milton and A & H. By choosing to levy on the taxpayer's separate interest in the certificates of deposit, the Government realized in excess of $14,000 more than had it levied on the overall assets in the certificates.

Maximizing its revenue collection in this manner definitely worked to the disadvantage of the taxpayer. But since he was jointly and severally liable with the others for the 1966 taxes, the lien

encumbered all of his individual property under 26 U.S.C. § 6321. Levying on that property, therefore, was permissible under § 6331.

■ His remedy, if any, may be by way of indemnification or contribution from Milton and A & H. *See* M.S.A. § 323.17(2); 68 C.J.S. Partnership, *supra,* § 116.

Accordingly, it is ordered:

That the taxpayer's suit for refund be, and it hereby is, denied.

Judgment will be entered for the defendant.