YELVERTON, Judge.
Plaintiffs, Abbadie’s IGA Supermarket, Inc. and Donald J. Abbadie, filed this suit against the Clerk of Court for Acadia Parish, J. A. BarouSse, for damages in the sum of $8,918.02 resulting from the issuance of an alleged erroneous chattel mortgage certificate. Plaintiffs contend that they sustained damage because the certificate of chattel mortgage prepared by the clerk’s office failed to show federal tax liens affecting property which plaintiff Donald J. Abbadie purchased. Joined as defendants in the suit were J. A. Barousse, the Clerk of Court for Acadia Parish, Robert C. Sells-Underwriter, the professional liability insurer of Mr. Barousse, and Alvin and Doris Mier, the vendors of the property against whom federal tax liens were recorded. The trial judge found in favor of defendants, dismissing plaintiffs’ suit. From this adverse judgment, plaintiffs have perfected this appeal.
The facts are that in March, 1976, Donald J. Abbadie purchased a grocery business from Alvin and Doris Mier. Prior to purchasing the business, which consisted only of movable property, plaintiff ordered a chattel mortgage certificate from the Clerk of Court for Acadia Parish in the name of Alvin Mier and Doris Mier, describing the property of the business. The chattel mortgage certificate delivered to plaintiff listed several chattel mortgages recorded against the property, of the grocery store. Following receipt of the certificate, plaintiff purchased the grocery business, withholding sufficient funds from the purchase price to effect cancellation of the chattel mortgages shown by the chattel mortgage certificate. Some time after the plaintiff had purchased the grocery business, the Internal Revenue Service notified plaintiff that several federal tax liens had been recorded against the Miers prior to the sale of their business to plaintiff. The tax liens, which had been recorded in the general mortgage records of Acadia Parish, affected all the property of the Miers, including the movable property transferred to plaintiff in the sale of the grocery business. Plaintiffs paid the Internal Revenue Service $8,918.02 to effect cancellation of the liens and to prevent seizure of the business by the Revenue Service. Thereafter, plaintiff instituted this action, from which this appeal arises.
The issue is whether the Clerk of Court is liable for his failure to show federal tax liens affecting movable property in a chattel mortgage certificate issued for such property.
LSA-R.S. 9:5364 provides for the furnishing of certificates of chattel mortgages as follows:
“5364. Chattel mortgage certificates; fee
*593 When so requested recorders of mortgages shall furnish a certificate in the name or names requested showing all uncan-celled chattel mortgages which operate upon the property described in the request, and shall receive as a fee therefor the sum of three dollars for the first name and the sum of one dollar for each additional name. Whenever said certificate contains more than one hundred fifty words, he shall charge thirty-five cents . for each additional one hundred words or fraction thereof. Amended- by Acts 1970, No. 110 § 1.”
This statute which has not been interpreted by the jurisprudence, imposes a ministerial duty upon recorders of mortgages to deliver chattel mortgage certificates showing all uncancelled chattel mortgages. The jurisprudence has established the rule that clerks of courts are responsible for the faithful performance of their ministerial duties, transacted in the ordinary course of the business of their office. Fisher v. Levy, 180 La. 195, 156 So. 220 (1934), Chester Hoover Construction Co. v. Thornburg, 311 So.2d 542 (La.App. 3rd Cir. 1975).
In the present case, plaintiff contends that the Clerk of Court failed to faithfully perform the ministerial duty imposed by LSA-R.S. 9:5364 since the clerk failed to show the federal tax liens affecting the property described in the certificate request. However, the statute only imposes a duty on the Clerk of Court to show “all uncancelled chattel mortgages which operate upon the property described in the request”.
The necessary requisites for establishing a chattel mortgage are set forth in LSA-R.S. 9:5351 et seq. One of the requisites set forth by the statute is that the act purporting to establish a chattel mortgage must contain a specific description of the property and a designation of the property’s location. The record reveals that the recorded federal tax liens do not describe any property or designate the location of any property. The tax liens do not satisfy the requirements necessary for establishing a chattel mortgage. Since the liens were not chattel mortgages, the clerk of court had no duty under LSA-R.S. 9:5364 to include the federal tax liens in the chattel mortgage certificate.
As an additional reason for our holding that federal tax liens are not chattel mortgages, we observe that Louisiana has adopted the Uniform Federal Tax Lien Registration Act (LSA-R.S. 52:51 et seq.) which requires that the Clerks of Court maintain a separate federal tax lien index to recorded tax lien notices. Thus, no notice of the existence of federal tax liens would be revealed by a search of the chattel mortgage index kept by the Clerk pursuant to the provisions of LSA-R.S. 9:5355. In the instant case plaintiff in his petition alleged that he ordered a “general chattel mortgage certificate”. This is what he received. If he had additionally desired evidence regarding uncancelled federal tax lien notices he should have requested the Clerk to search the federal tax lien index and certify regarding the existence or non-existence of federal tax liens.
Although the clerk .of court faithfully performed the duties imposed upon him by LSA-R.S. 9:5364, the inquiry into the clerk’s liability for failing to mention the federal liens in the mortgage certificate does not end here. The Civil Code also requires parish recorders to furnish certificates of mortgages. Civil Code Art. 3393 provides,
“Art. 3393. These officers shall record on their register the acts which are presented to them, in the order of their date, and without leaving any intervals or blank space between them; and they are bound also to deliver to all persons who may demand them, a certificate of the mortgages, privileges or donations, which they may have thus recorded; if there be none, their certificate shall declare that fact.”
Although the article does not state that parish recorders are bound to deliver certificates of chattel mortgages, dicta in Chester Hoover Construction Co. v. Thornburg, supra, indicates that parish recorders may have a duty under Civil Code Article 3393 *594 to issue certificates of chattel mortgage. However, an examination of the date of origin of chattel mortgages in Louisiana, as compared to the Civil Code Article, demonstrates this dictum to be incorrect. At the time Civil Code Article 3393 was drafted, chattel mortgages were not recognized in Louisiana.
We conclude that the Clerk had no duty under LSA-R.S. 9:5364 to show the federal tax liens on the certificate of chattel mortgages. The trial court was correct in dismissing plaintiff’s demand against the Clerk of Court.
Plaintiff, on appeal, also requests reversal of the trial court’s judgment denying plaintiff’s demand against the vendors of the property against whom the federal tax liens were recorded.
The purchase agreement entered into between plaintiff-vendee and defendants-vendors, the Miers, states:
“This sale is made under and pursuant to the Louisiana Bulk Sales Law and sellers hereby declare and reaffirm that there are no creditors of the business herein .transferred and conveyed save and except those as shown and contained on the attached statement likewise marked ‘Exhibit A’ and attached hereto and par-aphed ‘Ne Varietur’ for identification herewith by the undersigned Notary. Sellers, individually and in solido, agree to protect, fully indemnify and save harmless purchaser, his heirs, successors and assigns, against all claims, costs and demands made by any creditor or alleged creditor not listed, shown and disclosed on said statement.”
In Underwood v. United States, 118 F.2d 760 (5th Cir. 1941), the court held that the United States was a creditor of a taxpayer where the United States had tax liens recorded against the taxpayer for assessed taxes. In the present case, the United States had tax liens recorded against the Miers for unpaid taxes. Obviously, the United States was a creditor of the Miers. The statement of creditors attached to the purchase agreement does not list the United States. Under the express provisions of the contract, the vendors, defendants-Miers, agreed to indemnify the plaintiff for any claims made by any unlisted creditor. Therefore, vendors should indemnify plaintiff for the claims made against him by the United States.
For the reasons assigned, the trial court’s judgment dismissing the claim of Abbadie’s IGA Supermarket, Inc., and Donald J. Abbadie against J. A. Barousse, Clerk of Court of Acadia Parish and Robert C. Sells-Underwriter, is affirmed. The trial court’s judgment dismissing Donald J. Abbadie’s claim against Alvin Mier and Doris Mier is reversed. Judgment is rendered in favor of Donald J. Abbadie and against Alvin Mier and Doris Mier, in the amount of $8,918.02, with legal interest from date of judicial demand until paid. Finally, it is ordered that costs of this appeal are assessed equally between plaintiffs-appellants Abbadie’s IGA Supermarket, Inc., and Donald J. Ab-badie, and defendants-appellees Alvin Mier and Doris Mier.
AFFIRMED IN PART: REVERSED IN PART: AND RENDERED.