Jean SCHUMANN, Appellant,

v.

BREEDLOVE & BENSEY, Gary Wayne Macha, and Laura Malloy, Appellees.

No. 01–98–00597–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 17, 1998.

E. Stephanie Hebert, Baytown, Robert E. Price, Houston, for Appellants.

Richard T. Sylvester, Jack W. Thompson, Houston, for Appellees.

Before Justices COHEN, HEDGES, and TAFT.

## OPINION

MURRY B. COHEN, Justice.

The issue before us is whether a child support lien creates an interest in personal property that was conveyed before the lien

was recorded. We hold it does not. Thus, we reverse and remand.

■ Appellant, Jean Schumann, appeals from a judgment in an interpleader action filed by appellee Breedlove & Bensey. The interpleader case was tried without a jury, and by agreement, no record was made. However, the undisputed facts are set out in the trial court's findings of facts and in Schumann's statement of facts on appeal. Moreover, appellee Malloy "specifically agrees" with Schumann's statement of facts. We, therefore, conclude that the absence of a record of the interpleader hearing on February 3, 1998 is no barrier to reaching the merits. *See* TEX.R.APP. P. 38.1(f).

### Facts

Appellees Laura Malloy and Gary Wayne Macha were divorced in 1990. In 1993, Malloy obtained a $9,600 judgment against Macha for child support, but she did not record the judgment until four years later.

Meanwhile, Macha was a plaintiff in an unrelated civil lawsuit, and in 1994, he assigned $10,000 from any proceeds of that lawsuit to Schumann. The validity of that assignment is not challenged. The law firm of Breedlove & Bensey represented Macha in his civil suit. Macha's civil suit settled in May 1997, and the proceeds totaled $6,366.67.

On July 25, 1997, Malloy filed with the county clerk of Harris County a notice of child support lien in the amount of $9,600. On September 26, 1997, Breedlove & Bensey filed a petition in interpleader and deposited the funds from Macha's settlement with the district clerk. The judge awarded $1,000 in attorney's fees to Breedlove & Bensey and the rest, about $5,367, to Malloy.

### Analysis

Schumann contends the trial judge erred in ruling that Malloy's child support lien, recorded in 1997, attached to settlement proceeds that Macha had assigned to Schumann in 1994.

■ In her first two points of error, appellant argues that, because Malloy did not record the lien until after the assignment, the lien does not attach to the proceeds assigned. We agree. By the time Malloy finally recorded the judgment in 1997, the proceeds no longer belonged to Macha. Schumann had owned the property interest since 1994, three years before Malloy recorded her lien notice. Malloy's lien was effective only against Macha's property, not against Schumann's.

■ A rendition of judgment, standing alone, does not create a judgment lien. That is done by recording the lien. In *Fore v. United States*, the court applied Texas law and declared:

> A money judgment, unsecured by any lien, is simply an adjudication, between plaintiff and defendant, that defendant owes plaintiff $X. Such a judgment plaintiff has no rank, superior or inferior, to other claimants. His only superior position is against his judgment debtor, against whom he has litigated. The law allows him to fix or establish liens by attachment or execution, which require affirmative action by plaintiff. . . .

*Id.*, 339 F.2d 70, 72 (5th Cir.1964); *Burton Lingo Co. v. Warren*, 45 S.W.2d 750, 751–52 (Tex.Civ.App.—Eastland 1931, writ ref'd); *Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement*, 747 S.W.2d 926, 929 (Tex.App.—Dallas 1988, writ denied). We, therefore, hold that Malloy's lien did not attach to Schumann's property, which included the assigned proceeds of Macha's settlement.

Malloy argues that she perfected her lien against the settlement proceeds by following the requirements of Section 157.317(a) of the Texas Family Code, which provides:

> A lien attaches to all real and personal property not exempt under the Texas Constitution, including a claim for negligence, personal injury, or worker's compensation, or an insurance award for the claim, owned by the obligor on or after the date the lien notice or abstract of judgment is filed with the county clerk of the county in which the property is located, with the court clerk as to property or claims in litigation, or, as to property of the obligor in the possession or control of a third party, from the date the lien notice is filed with that party.

TEX. FAM.CODE ANN. § 157.317(a) (Vernon 1997). Malloy relies on the last phrase, but it is not applicable because the proceeds possessed by Breedlove & Bensey were not "property of the obligor (Macha)"; they were Schumann's property, due to the 1994 assignment. If Malloy had recorded her lien before the assignment, the lien would have attached to the proceeds, but she failed to do so.

Except for automobiles, the Family Code does not specify priority status for liens on personal property. However, under the code, a recorded lien notice will have "the same effect as any other lien notice with respect to real property records." TEX. FAM. CODE ANN. § 157.318(c) (Vernon 1997). Therefore, we will apply the rules for liens on real property. A child support lien has priority over the "conveyance of an interest" in real property that is recorded *after* the child support lien. TEX. FAM.CODE ANN. § 157.320(b) (Vernon 1997). Conversely, "[a] lien created under this subchapter *does not* have priority over a ... conveyance of an interest in the nonexempt real property recorded *before* the child support lien notice is recorded...." TEX. FAM.CODE ANN. § 157.320(a) (Vernon 1997) (emphasis added). Because Macha assigned the proceeds before Malloy recorded her lien, the settlement proceeds belong to Schumann, the assignee. Given this holding, we need not consider appellant's third point of error.

We reverse the judgment and remand the cause to the trial court for rendition of judgment in favor of Jean Schumann.