**Opinion issued November 8, 2012.**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-12-00048-CV

———————————

**SIDNEY V. PINTER, Appellant**

**V.**

**ASAFI LAW FIRM AS NEXT FRIEND AND ASSIGNEE OF ANTHONY MAJANO, Appellee**

———————————

**On Appeal from the 334th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-35186**

———————————

**MEMORANDUM OPINION**

Sidney V. Pinter brings this restricted appeal from a no-answer default judgment granted in favor of Asafi Law Firm, as next friend and assignee of Anthony Majano. *See* TEX. R. APP. P. 30; TEX. BUS. & COM. CODE ANN. § 24.005

(West 2009). Pinter contends that there is error on the face of the record and, accordingly, the default judgment should be reversed. We reverse and remand.

## Background

Anthony Majano was injured on property owned by the Shmuel Pinter Irrevocable Trust, of which Sidney Pinter is trustee. Iris Calderon, individually and as next friend of Anthony Majano, filed suit against Pinter, in his capacity as trustee of the Shmuel Pinter Irrevocable Trust, to recover for the injuries sustained by Majano. Following a jury trial, Majano obtained a judgment against the trust and assigned the right to enforce the judgment to the Asafi Law Firm. Asafi, as next friend and assignee of Majano, later filed the underlying suit against Pinter individually. Asafi's petition alleged the following:

3. On December 4, 2009, a judgment was obtained against the Shmuel Pinter Irrevocable Trust, which entitled Plaintiff to recover property from the Shmuel Pinter Irrevocable Trust, equal to the value of $110,205.81 plus five percent interest on the $110,205.81 beginning December 4, 2009 and thereafter until Plaintiff is paid in full.

4. The only asset Plaintiff is aware the Shmuel Pinter Irrevocable Trust owned was the real property and associated improvements at 3405 N. Shepherd Dr., Houston, Texas 77018 (hereinafter "property"), which was valued at more than $2,000,000.

5. When Plaintiff attempted to collect Plaintiff's interest in the property, Plaintiff discovered that Defendant, the trustee of the Shmuel Pinter Irrevocable Trust, had sold the property for his personal benefit.

2

6. In doing so, Defendant willfully, maliciously, and fraudulently, tortiously interfered with property Plaintiff is entitled to.

7. Further, Defendant operated the Shmuel Pinter Irrevocable Trust as his alter ego.

After Pinter failed to answer, Asafi moved for default judgment. At the hearing on that motion, Asafi explained that the underlying suit was one for tortious interference. The trial court asked whether it was Asafi's intent to allege that Pinter fraudulently transferred the property rather than tortiously interfered with property rights. Asafi agreed that was his intent and the trial court granted a trial amendment to include fraudulent transfer as a cause of action.

To prove damages, Asafi introduced several exhibits, including the final judgment entered against the trust, an affidavit signed by Pinter showing that the trust owned the Houston property, and an article detailing Pinter's alleged involvement in several fraud cases. Asafi's counsel then testified that he was seeking $119,294.01 in damages, five percent interest beginning December 4, 2009, $453.38 in costs, and $5 million in punitive damages based on Pinter's fraudulent activities. Specifically, counsel testified that Pinter had been involved in numerous fraud cases, that the City of Houston had revoked a certificate of occupancy against him, and that he was being investigated by the Attorneys General of Oklahoma and New York for similar actions. Counsel concluded his

3

testimony by alleging that the trust itself was fraudulent and that it was Pinter's alter ego.

Following this testimony, the trial court entered a default judgment against Pinter and in favor of Asafi in the amount of $119,294.01 in actual damages, $453.38 in costs, and $250,000 in punitive damages. This appeal followed.

## Discussion

On appeal, Pinter contends that the default judgment must be reversed because: (1) the pleadings fail to state a valid cause of action under Texas law; (2) the granting of a trial amendment to construe an unpleaded cause of action resulted in him being denied fair notice of the claim; and (3) there is no evidence to support the award of exemplary damages.

### A. Standard of Review

A restricted appeal is a type of direct attack on a default judgment. TEX. R. APP. P. 30; *Barker CATV Const., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1999, no pet.). As the party filing a restricted appeal, Pinter must show that (1) he brought the appeal within six months after the trial court signed the judgment; (2) he was a party to the suit; (3) he did not participate in the hearing that resulted in the complained-of judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the face of the record. *See Alexander v. Lynda's*

4

*Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Invesco Inv. Servs., Inc. v. Fidelity Deposit & Discount Bank*, 355 S.W.3d 257, 259 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Only the fourth element, whether error is apparent from the face of the record, is in dispute here.

"The face of the record consists of all the papers on file in the appeal, including any reporter's record." *Invesco*, 355 S.W.3d at 259. When reviewing a restricted appeal, we evaluate the legal and factual sufficiency of the evidence, including the evidence of damages. *Id.* A plaintiff may take a default judgment against a defendant if the defendant has not previously answered, as long as the citation and return of service have been on file with the clerk for ten days. TEX. R. CIV. P. 239.

A no-answer default judgment is properly granted if (1) the plaintiff files a petition that states a cause of action; (2) the petition invokes the trial court's jurisdiction; (3) the petition gives fair notice to the defendant; and (4) the petition does not disclose any invalidity of the claim on its face. *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494 (Tex 1988). In cases where a no-answer default judgment is rendered, all facts properly pleaded in the plaintiff's petition are deemed admitted, except the amount of unliquidated damages, and the defendant's liability for all causes of action pleaded is conclusively established. *Lucas v. Clark*, 347 S.W.3d 800, 803 (Tex. App—Austin 2011, pet. denied) (citing

*Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009)). However, "the fact that [a defendant] has defaulted by failing to file an answer cannot create liability" when he is not liable as a matter of law on the facts alleged by the plaintiff. *Doubletree Hotels Corp. v. Person*, 122 S.W.3d 917, 919 (Tex. App.— Corpus Christi 2003, no pet.) (citing *First Dallas Petroleum, Inc. v. Hawkins*, 727 S.W.2d 640, 645 (Tex. App.—Dallas 1987, no writ)).

## B.     Did the petition state a valid cause of action?

Pinter contends the judgment must be reversed because the pleading failed to state a cause of action cognizable under Texas law, either for tortious interference or fraudulent transfer. In determining whether a cause of action was pleaded, the court must be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty the elements of the plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979).

Texas Rule of Civil Procedure 45(b) requires a "statement in plain and concise language of the plaintiff's cause of action" that gives "fair notice to the opponent . . . [of] the allegations as a whole." TEX. R. CIV. P. 45(b). Rule 47(a) also mandates that a pleading contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a). "Mere formalities, minor defects, and technical insufficiencies will not invalidate a

6

default judgment where the petition states a cause of action and gives 'fair notice' to the opposing party of the relief sought." *Stoner*, 578 S.W.2d at 683.

The purpose of a pleading is to provide the defendant with fair notice of the cause of action and character of evidence that will be raised at trial as well as define the issues that will be heard. *Wilson v. Bloys*, 169 S.W.3d 364, 369 (Tex. App.—Austin 2005, pet. denied). When determining whether a cause of action has been pleaded, we must be able to ascertain the elements of the cause of action from the pleadings alone. *Id.* (citing *Fairdale Ltd. v. Sellers*, 651 S.W.2d 725, 725 (Tex. 1982)). However, a petition is sufficient if a cause of action reasonably may be inferred from what is stated in the petition, even if an element of the action is not specifically alleged. *Westcliffe, Inc. v. Bear Creek Const., Ltd.*, 105 S.W.3d 286, 292 (Tex. App.—Dallas 2003, no pet.); *see also* TEX. R. CIV. P. 45(b) ("That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole."); *Paramount Pipe & Supply Co.*, 749 S.W.2d at 494–95 (citing *Stoner*, 578 S.W.2d at 683) (stating that plaintiff is not required to set out in his pleadings all evidence upon which he relies to establish his cause of action; rather, default judgment will stand if plaintiff has alleged claim upon which substantive law will give relief, and has done so with sufficient particularity to give fair notice to defendant of basis of

his complaint, even though he has stated some element or elements in form of legal conclusions).

## 1. Tortious Interference

First, Pinter asserts that, under Texas law, a cause of action exists for tortious interference with current or prospective contract rights, but not for tortious interference with property. Pinter also maintains that, because Asafi only had a judgment from the previous lawsuit, he did not have a property right in the Houston property. Asafi responds that tortious interference with a property right is a valid cause of action under Texas law and, thus, the petition stated a valid cause of action.

It is well settled in Texas that "[a]ny intentional invasion of, or interference with, property, property rights, personal rights or personal liberties causing injury without just cause or excuse is an actionable tort." *King v. Acker*, 725 S.W.2d 750, 754 (Tex. App.—Houston [1st Dist.] 1987, no pet.) (citing *Cooper v. Steen*, 318 S.W.2d 750, 757 (Tex. Civ. App.—Dallas 1958, no writ)). A cause of action for tortious interference with the peaceful use and enjoyment of property is a claim for intentional interference with property rights. *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 140 (Tex. App.—Waco 2005, pet. denied). To prevail, a plaintiff must show that the defendant intentionally interfered with plaintiff's property

8

rights. *Marrs & Smith P'ship v. D.K. Boyd Oil & Gas*, 223 S.W.3d 1, 21 (Tex. App.—El Paso 2005, pet. denied).

Although tortious interference with property rights is a valid cause of action in Texas, it is self-evident that in order to maintain such an action, the plaintiff must first have a valid property right. In Texas, the mere rendition of a judgment does not create a lien or other property right. *See Citicorp Real Estate, Inc., v. Banque Arabe Internationale D'Investissement*, 747 S.W.2d 926, 929 (Tex. App.—Dallas 1988, writ denied).

> A money judgment, unsecured by any lien, is simply an adjudication, between the plaintiff and the defendant, that the defendant owes plaintiff [a certain amount of money]. Such a judgment has no rank, superior or inferior, to other claimants. His only superior position is against his judgment debtor, against whom he has litigated.

*Schumann v. Breedlove & Bensey*, 983 S.W.2d 333, 334 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (quoting *Fore v. United States*, 339 F.2d 70, 72 (5th Cir. 1964)). The judgment creditor must comply with the statutory mechanisms providing for the creation of judgment liens to acquire a lien on real property owned by the judgment debtor. *See* TEX. PROP. CODE ANN. § 52.001 (West Supp. 2012). The judgment creditor must first obtain an abstract of the judgment, the purpose of which is "to create a lien against the debtor's property and to provide notice to subsequent purchasers of the existence of the judgment and the lien." *Citicorp*, 747 S.W.2d at 929.

9

In this case, Asafi alleged in its petition that it obtained a judgment against the trust; that when it attempted to collect its "interest in the property," it discovered that Pinter had sold the property for his personal benefit; and that, in doing so, Pinter "willfully, maliciously, and fraudulently, tortiously interfered with property" to which it was entitled. Although Asafi obtained a judgment against the trust, nothing in its petition alleges the existence of a valid property right in the Houston property; the petition does not allege that Asafi complied with the statutory requirements to create a lien on the property. As noted above, a money judgment not secured by any lien is simply an adjudication that the defendant owes the plaintiff a certain amount of money, not a property right. *Schumann*, 983 S.W.2d at 334 (citing *Fore*, 339 F.2d at 72). Because Asafi's petition failed to allege that Asafi had a valid property right in the Houston property, the petition does not contain sufficient factual allegations to state a cause of action for tortious interference with property rights.

We sustain Pinter's first issue.

### 2. Fraudulent Transfer

Pinter next contends that the trial court erred in granting a trial amendment to include fraudulent transfer as a cause of action because the pleadings alone cannot be construed to state a cause of action for fraudulent transfer. Pinter also asserts that by granting this trial amendment, the trial court required him to answer

10

for a cause of action of which he had no notice. In response, Asafi maintains that there is nothing in the record that indicates the trial court entered the default judgment based on a cause of action for fraudulent transfer. Asafi concedes that the trial court discussed fraudulent transfer, but argues that the court had the right to and could have changed its mind and entered judgment based on tortious interference, the cause of action pleaded in the petition.

"A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . with actual intent to hinder, delay, or defraud any creditor of the debtor." TEX. BUS. & COM. CODE ANN. § 24.005(a)(1) (West 2009); *see also Hahn v. Love*, 321 S.W.3d 517, 524–25 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("A fraudulent transfer is a transfer by a debtor with the intent to hinder, delay, or defraud his creditors by placing the debtor's property beyond the creditor's reach"). When determining whether actual intent to defraud has been shown, a court may consider, among other things, evidence that (1) the transfer was made to an insider; (2) the transfer was concealed; (3) the debtor was sued or threatened with suit before the transfer; (4) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred; (5) the debtor was insolvent; and (6) the transfer occurred shortly

11

before or after a substantial debt was incurred.  TEX. BUS. & COM. CODE ANN. § 24.005(b); *Hahn*, 321 S.W.3d at 525.

Asafi's petition alleges only the following facts: (1) a judgment was obtained against the trust; (2) the only asset owned by the trust that Asafi was aware of was the Houston property; (3) when Asafi attempted to collect its judgment against the trust, it discovered that Pinter had sold the Houston property for his personal benefit; and (4) Pinter willfully, maliciously, and fraudulently, tortiously interfered with property to which Asafi is entitled.  Asafi includes no allegation in its petition that its claim arose before or within a reasonable time after the transfer was made.  *See* TEX. BUS. & COM. CODE ANN. § 24.005(b).  The petition, in fact, says nothing with respect to the timing of the transfer. Furthermore, there is no allegation in the petition that the transfer was made with the "actual intent to hinder, delay, or defraud any creditor."  TEX. BUS. & COM. CODE ANN. § 24.005(a)(1); *see also Hahn*, 321 S.W.3d at 525.  The only statements in the petition that could be construed as alleging any kind of fraud are: (1) Asafi's assertion that Pinter "sold the property for his personal benefit," and (2) "willfully, maliciously, and fraudulently, tortiously interfered with property Plaintiff is entitled to."

Although a default judgment may stand even if some elements are stated in the form of legal conclusions, the pleading must still provide the defendant with

12

fair notice of the cause of action being brought against him. *See* TEX. R. CIV. P. 45(b) ("That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when *fair notice* to the opponent is given by the allegations as a whole.") (emphasis added); *Paramount Pipe & Supply Co.*, 749 S.W.2d at 495 (quoting *Stoner*, 578 S.W.2d at 683) (stating that, "default judgment will stand if the plaintiff has alleged a claim upon which the substantive law will give relief, and has done so with sufficient particularity to give *fair notice* to defendant of the basis of his complaint, even though he has stated some element or elements in the form of legal conclusions") (emphasis added).

Here, Asafi has failed to make factual allegations relating to the key elements of a fraudulent transfer claim. Absent allegations of the timing of the entry of the judgment versus the time of the transfer of the Houston property, or any other factual allegation of fraud, or of reference to Pinter's intent to hinder, delay, or defraud creditors, Asafi's conclusory allegation that Pinter "willfully, maliciously, and fraudulently, tortiously interfered with property" to which he was entitled is insufficient to support a cause of action for fraudulent transfer. *See Sellers*, 651 S.W.2d at 726 (reversing default judgment and concluding that plaintiff's petition failed to state cause of action where petition contained no allegations of any duty owed to plaintiff by defendant or any allegation of breach of any duty); *Calderoni v. Vasquez*, No. 03-11-00537-CV, 2012 WL 2509802, at *

13

6 (Tex. App.—Austin 2012, no pet.) (mem. op., not designated for publication) (reversing default judgment where petition lacked any specific allegations of wrongdoing against defendant and holding that plaintiff's general allegations that unspecified defendants defrauded him were insufficient to state cause of action); *Vill. Square, Ltd. v. Barton*, 660 S.W.2d 556, 559 (Tex. Civ. App.—San Antonio 1983, writ ref'd) (reversing default judgment on DTPA claim when pleadings did "not in any way designate or state with particularity which acts or events were relied upon as a basis for liability" or "show that any act or acts of the defendants were a producing cause of an injury").

Asafi's petition cannot be construed to state a cause of action against Pinter for fraudulent transfer and, therefore, the trial court erred in granting a default judgment based on a fraudulent transfer cause of action. We sustain Pinter's second issue and, accordingly, do not address Pinter's third issue which relates to damages.

## Conclusion

We hold there is error on the face of the record because Asafi's petition does not contain sufficient factual allegations to state a cause of action against Pinter for either tortious interference with property rights or fraudulent transfer.  We reverse the default judgment and remand for further proceedings.


                    Rebeca Huddle
                    Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.