submit to the Supreme Court for its determination the following questions:

### "First Question

"Can a corporation organized for sanatorium purposes under the provisions of article 1302, subdivision 6 of the Revised Statutes, maintain a suit for the collection of its charges for professional medical and surgical attention rendered a patient confined in its hospital, where the patient, prior to receiving same, had agreed to pay therefor?

### "Second Question

"If the first question is answered in the affirmative, then:

"Is it necessary, before a corporation can collect for said services, to allege and prove that the physicians and surgeons who rendered the professional services were registered and licensed physicians as required by article 4498 of the Revised Statutes of Texas?"

In ordinary acceptation, a sanitarium is an institution for the medical treatment of sick persons, as well as for ministering to related needs of the patients. This treatment reasonably embraces, within its purview, the services of natural persons who practice medicine. The statutes expressly authorize corporations for the "erection and maintenance of sanitoriums." R. S. art. 1302, subd. 6. The authority in such a corporation to provide medical treatment to the patients, and to employ, for that purpose, those persons who are duly licensed to practice medicine, is reasonably implied. It is quite true that by article 742 of the Penal Code it is made a crime for any person to practice medicine without complying with the requirements prescribed in article 4498 of the Revised Civil Statutes (the latter article being worded the same as article 739 of the Penal Code); but, when those requirements are met, there is nothing in the statutes which implies a prohibition against such person engaging his services to another. The prescribed requirements have regard to his authority to practice medicine upon human beings, and not to the character of his employer. In the present case, the Colgin Hospital & Clinic was invested with implied authority, in performing its corporate functions in respect to supplying medical treatment to its patients, to employ those persons who qualify, in accordance with the provisions of article 4498, to practice medicine. The first certified question should be answered in the affirmative.

The other certified question goes to a procedural matter. The question of authority in the corporation is but incidentally involved. As already intimated, it would be unlawful, in view of article 4498 of the Revised Civil Statutes and article 739 of the Penal Code, for the corporation to employ, as an instrumentality for supplying its patients with medical treatment involving the practice of medicine, any person who does not meet the requirements of those articles. It is not to be presumed, however, in the absence of pleading and proof to the contrary, that any person, employed by the corporation as an instrumentality in supplying such treatment, violated the law by practicing medicine without complying with the requirements of said articles, or that the corporation committed an unlawful act in that respect. The violation of law, in such respect, is a defense against a recovery by the corporation of compensation for the services supplied to its patients by the illegal means employed. This defense must be affirmatively pleaded and proved in order to be of avail. The second certified question should be answered in the negative.

CURETON, Chief Justice.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified.

## AMERICAN SURETY CO. OF NEW YORK v. M-B ISE KREAM CO.

### No. 1397—6017.

Commission of Appeals of Texas, Section B. Nov. 28, 1933.

R. L. Stennis and Lee G. Carter, both of Dallas, for plaintiff in error.

Nathaniel Jacks, McCormick, Bromberg, Leftwich & Carrington, Martin B. Winfrey, D. A. Frank, and Bartlett, Brown & Thornton, all of Dallas, for defendant in error.

SHORT, Presiding Judge.

The opinion of the Court of Civil Appeals is reported in 38 S.W.(2d) 118 et seq. Under the facts found by the Court of Civil Appeals, we think the opinion of that court is correct, and approve same. The plaintiff in error having paid the debt of the Crystal Ice Company, by virtue of the fact that it signed the bond to that effect, was subrogated to all the rights of the United States government. However, it occupied only the position which the government would have occupied had not the plaintiff in error paid the debt due the government. Section 115 of title 26 of the U. S. Code Annotated, quoted in the opinion of the Court of Civil Appeals, designated the manner in which a lien shall be fixed so as to make liable for the debt of the seller any purchaser of the property. The provisions of this law were not followed, and the consequence is the government lost its lien as against the property of the Crystal Ice Company, in the hands of the defendant in error, who is shown to have been a purchaser for value without notice. This is the principal contention of the plaintiff in error.

There is another contention by it, to the effect that the transaction between the parties comes within the purview of the Bulk Sales Law, article 4001, R. S. 1925. The opinion cites several cases and also Corpus Juris, to the effect that materials and ingredients used by a manufacturer for the manufacture of an article different from any of the ingredients does not constitute merchandise, and therefore is not within the meaning of the Bulk Sales Law.

We recommend that the judgment of the Court of Civil Appeals affirming that of the district court be affirmed.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.