**UNITED STATES v. GRAHAM et al.**

No. 9626–BH.

United States District Court
S. D. California, C. D.
March 21, 1951.

Ernest A. Tolin, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole and Frank W. Mahoney, Sp. Attys., Bureau of Internal Revenue, all of Los Angeles, Cal., for plaintiff.

Edmund G. Brown, Atty. Gen., and Edward Sumner, and William E. James, Deputy Attys. Gen., for the State of California.

HARRISON, District Judge.

By this action the United States seeks to collect internal revenue taxes due it from the defendants, Warren C. Graham and Agnes B. Graham, by a foreclosure of its tax liens. Both defendants are indebted to the plaintiff for federal income and excess profits taxes for 1942, and for federal withholding taxes covering the calendar year 1945 and the first three quarters of the calendar year 1946. The assessment lists for the income and excess profits taxes were received in the office of the Collector on March 23, 1945 and May 11, 1945. The assessment list for the withholding taxes was received on December 6, 1946.

Subsequent to the establishment of the federal tax liens on the property of the defendants, on July 1, 1946, Warren C. Graham leased certain real property to the State of California at an agreed rental payable at the end of each month. On May 27, 1947 this lease was extended to June 30, 1949. At the same time Graham leased automotive equipment which he then owned to the State of California at an agreed rental. The sum of $3,587.51 accrued as rentals on the real estate and automotive equipment prior to June 30, 1948, and has never been paid to Graham by the State of California.

The plaintiff contends that rentals accrued under the lease are subject to foreclosure.

The State of California strenuously resists this contention on several grounds to be considered below, and also seeks to offset delinquent taxes considerably in excess of the rentals owed by the Grahams to the State of California against the money accrued under the lease agreements.

The respective rights of the plaintiff and the defendant State of California to the sum of money accrued as rentals on the real estate and automotive equipment is the question for decision here.

The State of California contends that since it is a party to this action that proper jurisdiction is in the Supreme Court of the United States. It asserts further that it is not a "person" within the provisions of Section 3678(b), Title 26 U.S.C.A. It further urges that there is no "res" or property or rights to property herein belonging to the taxpayer upon which the State of California asserts a lien and that there is no property or right to property of the delinquent taxpayer in the possession and control of the State of California. Should the contentions of the State of California be rejected, there remains the question of whether or not the State of California has the right to offset taxes owed to it by the Grahams against the rentals owed to Graham by the State of California.

■ The Constitution provides that the Supreme Court shall have original jurisdiction in cases to which a state is a party. Congress has also provided that the Supreme Court should have exclusive jurisdiction of civil controversies to which a state is a party. These propositions are too well known to require a citation of authority. But Congress may confer concurrent original jurisdiction of such cases on other federal courts, including the district courts. United States v. California, 297 U.S. 175,

326

187, 56 S.Ct. 421, 80 L.Ed. 567; State of Minnesota v. United States, 8 Cir., 125 F. 2d 636, 639. This much is conceded by both parties.

■ It is my opinion that Congress has conferred such jurisdiction on the court by Section 3678(a), (b), (c), Title 26 U.S.C.A. This is the type of case which practical necessity requires be brought in the district court. Congress could not have intended to encumber the Supreme Court with every case in which the various states claimed an interest in property subject to a tax.

In U. S. v. State of Minnesota, D.C. Minn., 19 A.F.T.R. 1362, a case squarely in point, it was held that a state may be made a party to litigation involving the enforcement of the internal revenue laws in the federal district court. Though the decision is that of a district court, not binding upon me, the logic of the court's view is unassailable, and the practicality of the court's position particularly persuasive.

The general views set forth by the Supreme Court in United States v. California, supra, give strong support to this position.

In State of Michigan v. United States, 317 U.S. 338, 63 S.Ct. 302, 87 L.Ed. 312, involving a tax lien foreclosure action, the court did not pause to consider the question of the lower court's jurisdiction of the matter.

Logic, authority and practical convenience support the jurisdiction of the court in this type of case.

Section 3678(b), Title 26 U.S.C.A., provides in part: "Parties to proceedings. All persons * * * shall be made parties * * *".

■ The State of California claims that it is not included within the term "persons" as used therein. With this contention I cannot agree. Nothing in the Internal Revenue Code, its legislative history, or the policy behind the administration of the law persuades me that Congress meant to exclude the state from those who could be made a party to this proceeding. The Supreme Court has shown no particular disposition when considering the meaning of the word "person" in Congressional Acts to exclude the states. State of Georgia v.

Evans, 316 U.S. 159, 62 S.Ct. 972, 86 L.Ed. 1346, construing a section of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note. See also State of California v. U.S.D.C., 46 F.Supp. 474, 477–478, three-judge court construing the Merchant Marine Act, 46 U.S.C.A. § 866 et seq. In State of Ohio v. Helvering, 292 U.S. 360, 370, 54 S.Ct. 725, 78 L.Ed. 1307, the Supreme Court set forth numerous instances in which a state has been held to be a person within the meaning of some statute. Ultimately the question is usually wrapped up in the legislative environment of the act. There is nothing in the language of this act to indicate a narrow construction was to be placed upon the meaning of the word "person".

It might be noted that for the purposes of the act, Section 45.8 of the Unemployment Insurance Act, 3 Deering's California General Laws Act 8780d, specifically declares the State of California to be a person. The State of California's asserted offset against Graham is based upon taxes due under this act.

■ The contention that there is no property against which the plaintiff's tax liens may be foreclosed is without support. "Congress intended to subject all of a taxpayer's property, except that specifically exempt to the payment of taxes. 'Property' is a word of very broad meaning and when used without qualification, may reasonably be construed to include obligations, rights and other intangibles, as well as physical things. 'Property' within the tax laws should not be given a narrow or technical meaning." Citizens State Bank of Barstow, Texas, v. Vidal, 10 Cir., 114 F.2d 380, 382. Communications between state officials acting in their official capacity reveal that they considered that the state owed the taxpayer a specific sum of money. The uncontroverted evidence shows that the state entered into an agreement with the taxpayer as a result of which the state became indebted to the taxpayer. The debt of the state to the taxpayer comes within the purview of the tax lien. Secs. 3670, 3678, Title 26 U.S.C.A.

■ There yet remains the question of whether or not the state may set off against

its debt to the taxpayer the taxes owed by the taxpayer to the state. It is unquestioned that under Secs. 3672 and 3710(a), Title 26, U.S.C.A., the rights of the Collector do not extend beyond those of the taxpayer whose right to property is sought to be levied upon. U. S. v. Winnett, 9 Cir., 1947, 165 F.2d 149. If the state had a right of set-off against the taxpayer prior to the United States' asserted lien and priority, the Collector would be bound to recognize the right of the state to set-off.

The 1942 income tax assessment against the taxpayer, Warren C. Graham, was received by the Collector on March 23, 1945, more than a year and three months before the leases with the State of California were entered into. The tax due under this assessment is still due. Any money that accrued to the taxpayer under the lease with the state accrued with a lien impressed upon it. There was no period of time in which the State of California's right of set-off could have been asserted against the debt to the taxpayer that the property was not impressed with the tax lien. In U. S. v. Winnett, supra, the right of set-off accrued before any tax liens arose.

The plaintiff contends that the State of California had no right of set-off in any case. It is true that the state had taken no steps to collect the delinquent taxes prior to the time the tax liens were established. None of the taxes due to the State of California had been determined or assessed when notices of the federal tax liens were filed. The plaintiff argues that the provisions for the collection of taxes are exclusive and that set-off is not one of the remedies for the collection of taxes. The State of California argues that Section 45.9 of the Unemployment Insurance Act, 3 Deering's California General Laws. Act 8780d, makes the collection remedies set forth in the act cumulative. The determination of this question is not necessary to the decision in this case.

Assuming arguendo that the State of California may assert an equitable set-off against a delinquent taxpayer, the set-off could have been asserted no earlier than the time at which the lease agreements were entered into with the taxpayer. No set-off could arise until such time as there existed something to be set-off against. But the rights of the taxpayer under the lease were born with the tax lien impressed thereon.

Assuming further that the set-off and the tax liens attached simultaneously to the interest of the taxpayer created by the lease agreements, no citation of authority is needed to establish that the federal tax lien is superior to any simultaneously attaching interest of the State of California. Therefore, the rights of the defendant, State of California, with respect to the money accrued as rentals under the leases made with the taxpayer are inferior to the tax liens of the United States. The sum of $3,587.51, should be paid to the Collector by the defendant State of California.

Counsel for the government is directed to submit forthwith proposed judgment and findings under the rule.