UNITED STATES of America, Plaintiff,

v.

BOLLINGER MOBILE HOME SALES,
INC. et al., Defendants.

Civ. A. No. 3–75–1177–H.

United States District Court,
N. D. Texas,
Dallas Division.

July 9, 1980.

William Guild, Atty.-in-Charge by Johnny Mixon, Atty., Tax Division, U. S. Dept. of Justice, Dallas, Tex., for plaintiff.

Robert L. Trimble, Winstead, McGuire, Sechrest & Trimble, Dallas, Tex., for defendant Sam Bollinger.

## MEMORANDUM OPINION

SANDERS, District Judge.

This case is before the Court on cross motions for summary judgment filed by Plaintiff United States of America on May 16, 1980, and by Defendant Sam Bollinger on June 6, 1980. The facts are not disputed. The sole question for the Court is whether the federal tax lien on the property of taxpayer-Defendant Bollinger Mobile Home Sales, Inc. ("BMHS") (specifically, certain dealer reserve accounts of BMHS currently held by Defendants General Electric Credit Corporation and Commercial Credit Corporation) is entitled to priority over the judgment lien which Defendant Sam Bollinger asserts against the same property.

Plaintiff's Motion for Summary Judgment is GRANTED and Defendant's Motion for Summary Judgment is DENIED.

In the determination of priorities, Plaintiff relies on its Notices of Federal Tax Lien filed in Tarrant County, Texas, on January 16, 1970, and in Dallas County, Texas, on January 19, 1970. Defendant relies on a judgment in favor of Bollinger Mobile Air Conditioning, Inc. against BMHS, dated December 17, 1970, an abstract of which judgment was filed of record in Tarrant County, Texas, on January 14, 1971. Defendant contends that Plaintiff's Notice of Tax Lien was not properly filed in accordance with the requirements of 26 U.S.C. § 6323(f)(1)(A)(ii), and therefore, that Defendant's lien as a judgment creditor is superior to the federal tax lien.

■ The Court finds that, prior to the adoption in Texas of the Uniform Tax Lien Registration Act, as Tex. Tax.–Gen.Ann. art. 1.07C (Vernon Supp. 1979) (effective January 1, 1972), the place of filing for notices required under 26 U.S.C. §§ 6323 (f)(1)(A)(ii), (2)(B) was controlled by Tex. Rev.Civ.Stat.Ann. art. 6644 (Vernon 1969) which contemplated that a Notice of Federal Tax Lien affecting intangible personal property was to be filed in the office of the county clerk in the county in which the taxpayer-corporation had its principal place of business at the time of filing. *American Surety Co. of New York v. M–B Ise Kream Co.*, 38 S.W.2d 118 (Tex.Civ.App. —Dallas, 1931), *aff'd*, 65 S.W.2d 287 (Tex. Comm.App.1933, holding approved); *United States v. Ray Thomas Gravel Co.*, 373 S.W.2d 333 (Tex.Civ.App.—Waco, 1963), *rev'd on other grounds*, 380 S.W.2d 576 (Tex.1964); *Gulf Coast Marine Ways v. The J. R. Hardee*, 107 F.Supp. 379, 383 (S.D.Tex. 1952). Plaintiff's filings were in accord with the provisions of art. 6644 and its lien was perfected and entitled to priority with regard to the dealer reserve accounts as against all claimants not perfected prior to the dates of filing.

It is not disputed by either party that, since 1972, art. 1.07C has controlled the determination of the proper place for filing of Notices of Federal Tax Lien. Nor can it be disputed that the cases cited above establish that, prior to the enactment of art. 1.07C, the place of filing was controlled in Texas by art. 6644 from the time of its enactment in 1923. Defendant contends, however, that by the adoption of the Uniform Commercial Code in 1967 Texas designated a different method for filing federal tax liens, which was in effect from 1967 to January 1, 1972.

The Court does not find persuasive the argument by Bollinger that place of filing was controlled by Section 9.401 of the Tex. Bus. and Comm.Code. Defendant cites no authority in support of the applicability of the Commercial Code to the mechanics of the recording of tax liens or in support of the argument that a federal tax lien may be a "security interest" within the meaning of

Tex.Bus. and Comm.Code § 1.201(37). There are cases that suggest the contrary, however, where, for the period between 1966 and 1972, Notices of Federal Tax Liens were deemed properly filed for the purposes of § 6323(f) if filed in Texas pursuant to art. 6644. *See, e. g., Kurio v. United States*, 281 F.Supp. 252, 256 (S.D.Tex.1968). In sum, Plaintiff's Notice of Federal Tax Lien was properly filed.

■■ Moreover, Defendant has failed to establish that he enjoys the status of a judgment lien creditor, under applicable Texas law, with regard to the dealer reserve accounts. Defendant admits that these accounts are the intangible personal property of BMHS. In order to perfect a judgment lien in Texas on personal property, a form of execution such as garnishment is required; no lien on the personal property of the debtor is created by filing an abstract of judgment. *Donley v. Youngstown Sheet and Tube Co.*, 328 S.W.2d 192 (Tex.Civ.App.—Eastland, 1959, writ ref'd n.r.e.); *Herndon v. Cocke*, 138 S.W.2d 298 (Tex.Civ.App.—El Paso, 1940, no writ); *Fore v. United States*, 339 F.2d 70 (5th Cir. 1965). Bollinger has not alleged that he sought a writ of garnishment on his judgment in order to create the lien on the personal property of BMHS. The Court, in any event, is unable to conclude that these accounts were subject to garnishment because the right of BMHS to receive the amounts held in the dealer reserve accounts was and is subject to a number of contingencies. *Alexander v. Berkman*, 3 S.W.2d 864, 867 (Tex.Civ.App.—Waco, 1927, writ ref'd); *First National Bank of Burkburnett v. Friend*, 23 S.W.2d 482 (Tex.Civ.App.— Fort Worth, 1929, no writ); *Uhlhorn v. Reid*, 398 S.W.2d 169 (Tex.Civ.App.—San Antonio, 1965, writ ref'd, n.r.e.).

Under 26 U.S.C. § 6323(a), the federal tax lien becomes valid as against purchasers, holders of security interests, mechanic's lienors and judgment lien creditors only upon the filing of a notice thereof which meets the requirements of § 6323(f). The federal tax lien would be superior to any

competing claim even though the government failed to file or improperly filed a Notice of Federal Tax Lien, unless the competing claim fell within one of the four types specified in § 6323(a). Therefore, if Bollinger does not enjoy the status of a judgment lien creditor or one of the other three classes of protected claimants, his claim would not be entitled to priority over the federal tax lien even if the Court were to hold that Plaintiff had improperly filed its Notice of Federal Tax Lien.

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment on the Issue of Priority of Liens is GRANTED, and Defendant's Motion for Summary Judgment is DENIED. Plaintiff will submit to the Court by Monday, July 14, 1980, a proposed Final Judgment suitable for entry in this cause.

So ordered.