**McALLEN STATE BANK, a Corporation,**

v.

**Jose A. SAENZ, Jr., United States of America, Texas Employment Commission, Simon Diaz d/b/a Texas Tool Co., and Jesse Garcia.**

Civ. A. No. B–79–180.

United States District Court, S.D. Texas, Brownsville Division.

Aug. 24, 1982.

M. Lloyd Seljos, Judin & Barron, McAllen, Tex., for plaintiff McAllen State Bank.

H. Hollis Rankin, III, Rankin & Kern, Inc., McAllen, Tex., for Simon Diaz d/b/a Texas Tool Co.

Bill Kimbrough, Asst. Atty. Gen., State of Tex., Austin, Tex., for Texas Employment Comn.

R.W. Rodrigues, Asst. U.S. Atty., Houston, Tex., for U.S.

## MEMORANDUM AND ORDER

VELA, District Judge.

This case involves the determination of the relative priority of various state and federal tax and judgment liens to the proceeds of a mortgage foreclosure sale of the property to which the liens attach. Plaintiff McAllen State Bank originally brought this action for judicial foreclosure in the District Court of Hidalgo County, Texas. It was subsequently removed to this Court upon petition by defendant United States of America, pursuant to 28 U.S.C. § 1444.

### FACTS

The property which is the subject of this action was purchased by James E. Capt, Jose A. Saenz, Jr., and Jesse Garcia on December 15, 1976. To finance the purchase, the Metropolitan National Bank of McAllen loaned $13,500.00 to Capt, Saenz and Garcia. The loan was evidenced by a note in that amount and was secured by a deed of trust.

On June 28, 1977, Capt conveyed his interest in the property to Saenz and Garcia subject to the assumption of the note to Metropolitan National Bank, thereby extinguishing Capt's liability on the note. In order to pay off the debt to Metropolitan, Saenz and Garcia borrowed $10,000.00 from plaintiff McAllen State Bank on June 26, 1977. On the date of the Capt conveyance, Saenz and Garcia gave a deed of trust to McAllen State Bank to secure payment of the $10,000.00 note. Metropolitan executed a Release of Lien on July 20, 1977. McAllen State Bank thus became subrogated to the original purchase money lien of the original vendors and Metropolitan.

On December 28, 1977, Saenz and Garcia executed a note in renewal and extension of their $10,000.00 debt to McAllen State Bank, that note being in the amount of $20,000.00 and secured by deed of trust. Plaintiff brought this action after Saenz and Garcia defaulted on the note of December 28, 1977. Plaintiff McAllen State Bank has moved for summary judgment, as have defendants Simon Diaz, d/b/a Texas Tool Company, Texas Employment Commission and the United States of America.

Prior to the purchase of the property by Capt, Saenz and Garcia on December 15, 1976, the following liens were properly recorded against Jesse Garcia, d/b/a Prarca Construction Company:

| | Filing Date | Description | Amount |
|---|---|---|---|
| 1. | 11/29/73 | Notice of Federal Tax Lien | $2,258.16 |
| 2. | 1/22/74 | Abstract of Judgment of Simon Diaz, d/b/a Texas Tool Co. | 2,128.81 (bearing 6% interest, plus $709.60 attorney's fees and $32.00 costs) |
| 3. | 2/27/74 | Notice of State Tax Lien (Texas Employment Commission) | 2,935.50 |
| 4. | 1/9/75 | Notice of Federal Tax Lien | 549.96 |

1. "§ 6321. Lien for taxes
   If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the

| | Filing Date | Description | Amount |
|---|---|---|---|
| 5. | 3/26/75 | Abstract of Judgment of State of Texas (Texas Employment Commission) | 2,219.23 (bearing 12% interest plus $25.50 costs) |
| 6. | 4/11/75 | Notice of Federal Tax Lien | 10,939.34 |

The federal tax lien recorded November 29, 1973 has expired and is therefore no longer being pursued by the United States. The abstract of judgment of the State of Texas relates to the Texas Employment Commission's tax lien recorded February 27, 1974. The parties have agreed that the Plaintiff is entitled to priority to the first $10,000.00 of the proceeds due to its subrogation to the purchase money lien of the original vendors and Metropolitan. The parties further agree that the Plaintiff is entitled to one-half of any proceeds over $10,000.00, up to the amount of its judgment, since the Plaintiff is the only party with a lien on Saenz's interest in the property. Left for this Court's determination are the priorities of the remaining liens, those being two federal tax liens and the judgment liens of Simon Diaz, d/b/a Texas Tool Company and the Texas Employment Commission.

## CONCLUSIONS OF LAW

■ The priority of competing liens on property on which there is a federal tax lien is determined by federal law. *Aquilino v. United States,* 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). Priority under federal law is governed by the "first in time, first in right" rule as declared in *United States v. New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). Under that rule, priority is given to the lien first perfected. *Id.*

■ The lien for non-payment of federal taxes is imposed by § 6321 of the Internal Revenue Code, 26 U.S.C. § 6321,[1] and arises upon assessment of the tax. In order to be valid as against some classes of lienholders, including judgment lien creditors, notice of the lien must first be filed. 26 U.S.C. § 6323(a).[2] Thus, the dates of perfection of

United States upon all property and rights to property, whether real or personal, belonging to such person."

2. Subsection (f) of § 6323 provides for filing the notice as designated by the laws of the state in which the property is located.

the federal tax liens in this case are the dates the respective notices were filed.

Under Texas law, a judgment lien is perfected when the abstract of judgment is filed and indexed in the proper county. Vernon's Ann.Civ.St. art. 5449. The judgment then operates as a lien on all of the defendant's real property situated in the county of filing, as well as upon all real estate thereafter acquired by the defendant. *Id.* The federal tax lien likewise extends to after-acquired property. *Glass City Bank v. United States,* 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945).

In order for a state lien to prime a federal tax lien, not only must the lien be perfected first under state law, but it must also have become choate as determined by federal law prior to the filing of the notice of the federal tax lien. *United States v. Pioneer American Insurance Co.,* 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963); *United States v. New Britain, supra.* The doctrine of choateness is intended to protect the standing of federal liens. "Otherwise, a State could affect the standing of federal liens, contrary to the established doctrine, simply by causing an inchoate lien to attach at some arbitrary time even before the amount of the tax, assessment, etc., is determined." *United States v. New Britain,* 347 U.S. at 86, 74 S.Ct. at 371. Therefore, the lien must "be perfected in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *Id.,* 347 U.S. at 84, 74 S.Ct. at 369.

In this case, the judgment liens of Simon Diaz, d/b/a Texas Tool Company and the Texas Employment Commission were perfected and choate upon the filing of the respective abstracts of judgment and nothing more needed to be done to comply with the federal choateness requirement. The identity of the lienor and the amount of the liens were established. The property subject to the liens was also established, which consisted of all of the real property of Jesse Garcia located in the county, as well as any after-acquired real property so situated. The fact that the State liens are general in nature rather than directed at specific parcels of property does not defeat the requirement of choateness. *United States v. Vermont,* 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964).

The real issue for decision is how after-acquired property is to be treated under these rules of priority. The United States argues that the liens attached simultaneously to the property and that federal liens prime other simultaneously attaching liens. Cited as authority is *United States v. Graham,* 96 F.Supp. 318 (S.D.Cal.1951), *aff'd mem.,* 195 F.2d 530 (9th Cir.) *cert. denied,* 344 U.S. 831, 73 S.Ct. 38, 97 L.Ed. 647 (1952). *Graham,* however, does not stand for the proposition that federal liens prime other simultaneously attaching liens. That case involved a purported right of the State to set-off the defendant's debt against the amount owed by the State to the defendant. The federal tax assessment was received more than a year prior to the time that any right of set-off could have accrued to the State, and therefore the Court held that the federal lien had priority. "If the state had a right of set-off against the taxpayer prior to the United States' asserted lien and priority, the Collector would be bound to recognize the right of the state to set-off." *United States v. Graham,* 96 F.Supp. at 321.

Under Texas law liens attach simultaneously to after-acquired property and are satisfied *pro rata* from the proceeds. *Smith v. Kale,* 32 Tex. 290 (1869); *Matula v. Lane,* 22 Tex.Civ.App. 391, 55 S.W. 504 (Tex.Civ. App.1900, writ ref'd.). *Willis v. Downes,* 46 S.W. 920 (Tex.Civ.App.1898, writ ref'd.). The same result was reached in *United States v. Fleming,* 474 F.Supp. 904 (S.D.N. Y.1979). The law of the State of New York was cited as authority for that holding. *Id.* at 908. As stated earlier, however, federal law governs priority when federal liens are involved.

There appears to be no legal or policy reason that would mandate a deviation from the first in time, first in right rule.

The rule encourages the diligent filing of liens whether or not after-acquired property is involved. Therefore, the remaining one-half of the proceeds after payment to plaintiff McAllen State Bank of the first $10,000.00 and one-half of the remainder up to the amount of its mortgage, should be applied towards the outstanding liens as follows:

First—The January 22, 1974 judgment lien of Simon Diaz, d/b/a Texas Tool Company;

Second—The federal tax lien of January 9, 1975;

Third—The March 26, 1975 judgment lien of the Texas Employment Commission;

Fourth—The federal tax lien of April 11, 1975.

Any award of attorney's fees, interest or costs which was reduced to judgment and included in the abstracts of judgment filed by Simon Diaz or the Texas Employment Commission shall maintain the same priority as the debt to which it relates.

It appears to the Court that the defendant Jesse Garcia was served with citation by publication and was ordered to plead or otherwise appear herein on or before December 15, 1981. The defendant having failed to answer or otherwise appear, and both plaintiff McAllen State Bank and cross-plaintiff Simon Diaz, d/b/a Texas Tool Company having moved for Default Judgment, it is therefore

ORDERED that Judgment of Default be entered against defendant Jesse Garcia, d/b/a Prarca Construction Company and that Judgment be entered foreclosing the liens of McAllen State Bank, Simon Diaz, d/b/a Texas Tool Company, the United States of America and the Texas Employment Commission, upon Lot Thirty-two (32), McColl Terrace Subdivision, Hidalgo County, Texas. The first $10,000.00 of the proceeds of the sale of said lot shall be paid to plaintiff McAllen State Bank, as well as one-half of the proceeds above $10,000.00, up to the amount of McAllen State Bank's mortgage. The other one-half of the proceeds over $10,000.00 shall be used to satisfy the liens of Simon Diaz, d/b/a Texas Tool Company, the United States of America and The Texas Employment Commission, in the order outlined above.

The parties shall certify to the Court the amounts due and owing as of the date of this Order. Plaintiff shall submit a Proposed Judgment consistent with this Memorandum and Order.