Sarah M. HARRIS, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

John A. HARRIS, Additional Defendant on Counterclaim.

Civ. A. No. 3–83–0645–H.

United States District Court,
N.D. Texas,
Dallas Division.

May 23, 1984.

G. Tomas Rhodus, M. Bruce Peele, Rhodus, Jones & Brutsche, R. Douglas Coffin, Dallas, Tex., for plaintiff.

Grover Hartt, III, Atty., Tax Div., U.S. Dept. of Justice, Dallas, Tex., for defendant and third-party plaintiff.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

This case is before the Court on Plaintiff's Motion for Summary Judgment, Brief in Support, and Statement of Undisputed Facts and Issue of Law, filed January 23, 1984; Defendant United States of America's ("U.S.") Motion for Summary Judgment, Exhibits and Memorandum of Law in Support, and Statement of Undisputed Facts and Issues of Law, filed February 3, 1984; Plaintiff's Statement of Disputed Facts and Response to U.S.'s Motion for Summary Judgment, filed February 23, 1984; Third-Party Defendant John A. Harris' (also styled Additional Defendant on Counterclaim) Response to U.S.'s Motion for Summary Judgment and Memorandum of Law in Support, filed February 16, 1984; and Defendant U.S.'s Reply to Plaintiff's and John A. Harris' Responses to its Motion for Summary Judgment, filed February 27, 1984. As further explained below, the Court is of the opinion that Defendant U.S. is entitled to summary judgment in its favor.

## Factual Background

This case arises as the result of Defendant U.S.'s refusal to release its lien on the proceeds of the sale of Plaintiff's former residence at 3801 Mockingbird Lane, Dallas, Texas. The U.S. seeks to utilize the proceeds in order to satisfy the delinquent tax debt of Pal Drilling Company ("PAL"), a corporation organized and managed by John A. Harris.

The uncontroverted record before the Court is as follows: PAL was incorporated in Texas on October 28, 1977. On August 3, 1978, PAL and John A. Harris d/b/a Pal Drilling Co., et al., filed a Chapter XI petition in bankruptcy. On November 13, 1978, and February 19, 1979, the Internal Revenue Service ("IRS") assessed employment taxes against John A. Harris and PAL in the amount of $36,112.14. On April 19, 1979, the IRS filed a proof of claim in the aforementioned bankruptcy proceeding for the delinquent taxes. Plaintiff's Statement of Facts, p. 2.

On May 17, 1979, John A. Harris and the U.S. entered into a Stipulation for Payment of Federal Taxes, see Exhibit 1 to John A. Harris' Deposition, whereby Harris conceded that PAL was his alter ego, that he received notice of assessment and demand for payment of the tax liability, and that the U.S.'s claim for $36,112.14 should be allowed in full. Harris agreed to pay $1,000 per month to the IRS beginning August 1, 1979. By the Stipulation, Harris also agreed, while the debt remained unpaid, not to sell or otherwise dispose of his assets without obtaining written consent from the IRS. In the Plan of Arrangement Proposed by John A. Harris filed in Bankruptcy Court on April 3, 1979, Harris also agreed that the IRS claim would be paid from his personal assets, including his homestead property. Exhibit 2 to John A. Harris' Deposition, p. 7. The IRS duly filed its federal tax lien securing the claim on June 22, 1979.

On July 13, 1979, a Judgment of Divorce was entered dissolving the marriage of John A. and Sarah M. Harris. See Exhibits to Defendant U.S.'s Motion. The Judgment awarded the couple's residence at 3801 Mockingbird Lane to Plaintiff as her separate property, provided that she pay $4,500 to John A. Harris by October 19, 1983. The Judgment was recorded in the deed records of Dallas County on August 27, 1979.

In September of 1982 Plaintiff Harris sold the Mockingbird residence, receiving $158,000 after costs of sale. The IRS claimed an interest in the proceeds by virtue of its lien against the property of John A. Harris. Plaintiff subsequently deposited $70,000 in an interest bearing escrow account pending resolution of her dispute with the IRS over the lien. On April 15, 1983, Plaintiff filed her Complaint in this lawsuit, seeking a declaratory judgment that the U.S. has no interest in the escrowed funds, as well as attorney's fees and costs pursuant to 28 U.S.C. § 2412. Defendant U.S. subsequently filed a third-party claim against John A. Harris (referred to by the U.S. as a counterclaim) for payment of the delinquent taxes plus statutory penalties. Defendant also seeks a determination that it is entitled to satisfy the indebtedness from the escrowed proceeds, and that it may have a deficiency judgment against John A. Harris for any amount remaining unsatisfied. In his Answer to the third-party action, John A. Harris contends only that he is not liable to the United States because the debt can be paid in full from the proceeds of the Mockingbird residence.

## Issues Before the Court

By their Motions, the parties raise the following questions of law:

1. Whether the U.S. has a valid lien against John A. Harris for the taxes incurred by PAL.

2. Whether this lien attaches to the Mockingbird residence awarded to Plaintiff in her divorce from John A. Harris.

3. Whether the U.S. is entitled to a deficiency judgment against John A. Harris.

The Court will address these issues seriatim.

### The Validity of the Tax Lien

■ Plaintiff argues that the IRS does not have a valid tax lien against the personal assets of John A. Harris because the statutory prerequisites of assessment, notice, and demand for payment were directed against PAL, not John. *See* 26 U.S.C. §§ 6203, 6303 & 6321. The Certificates of Assessments and Payments attached as exhibits to Defendant's Motion, however, clearly indicate that both John A. Harris and PAL were specified as the named taxpayers.

More importantly, John A. Harris has stipulated, both in the bankruptcy proceedings and in this litigation, that PAL is his corporate alter ego *and* that he received the requisite statutory notice. Plaintiff has presented no competent summary judgment evidence to the contrary. Fed.R. Civ.P. 56(e); *Joplin v. Bias,* 631 F.2d 1235, 1237 (5th Cir.1980). In any event, a taxpayer and his corporate alter ego are not entitled to separate notices. *Valley Finance, Inc. v. United States,* 629 F.2d 162, 169 (D.C.Cir.1980), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981). Moreover, in the opinion of the Court, any cause of action for failure to comply with statutory notice requirements belongs to the taxpayer alone. *See Valley Finance, supra; Macatee v. United States,* 214 F.2d 717, 720 (5th Cir.1954). For all these reasons, the Court is of the opinion that the IRS had a valid lien against John A. Harris for PAL's employment taxes upon Harris' failure to pay the delinquent tax debt. 26 U.S.C. § 6321.

### Attachment of the Lien to the Mockingbird Residence

The lien created by Section 6321 arises at the time of assessment, and attaches to all the taxpayer's property, both real and personal. *United States v. Pioneer American Insurance Co.,* 374 U.S. 84, 88, 83

S.Ct. 1651, 1655, 10 L.Ed.2d 770 (1963); *Lapp v. United States,* 316 F.Supp. 386, 388 (S.D.Fla.1970). Therefore, the IRS has had a tax lien against John A. Harris' property since November 13, 1978, the date of the first assessment. His interest in the Harris homestead was not exempt from the operation of this lien. *Paddock v. Siemoneit,* 147 Tex. 571, 218 S.W.2d 428, 436 (1949). Nor did the subsequent Judgment of Divorce extinguish the lien. *Lapp v. United States, supra.*

■ Plaintiff argues that her interest in the Mockingbird residence is superior to the tax lien of the IRS because she acquired the home prior to the date of filing of the lien. Section 6323(a) of the Internal Revenue Code provides that the lien imposed by Section 6321 is not valid against "any purchaser, holder of a security interest, mechanic's lien, or judgment lien creditor until notice thereof ... has been filed ...." Unless Plaintiff's claim falls within one of these categories, the federal tax lien has priority even if the IRS failed to file or improperly filed.[1] *United States v. Bollinger Mobile Home Sales,* 492 F.Supp. 496, 498 (N.D.Tex.1980).

In the opinion of the Court, Plaintiff does not fall within any of the Section 6323(a) categories. She clearly is not a holder of a security interest or a mechanic's lienor, nor does she claim to be. Although she obtained the residence at issue pursuant to a judgment, it does not appear to the Court that she is a "judgment lien creditor"; she obtained no money judgment against her husband that could be secured by a judgment lien. Moreover, even if she were a judgment lien creditor, her lien remained unperfected until it was recorded on August 27, 1979, *after* the IRS filing. Tex. Rev.Civ.Stat.Ann. arts. 5447–5449 (Vernon 1958) (current version at Tex.Prop.Code Ann. §§ 52.001–004 (Vernon Supp.1983)); *S. D'Antoni, Inc. v. Great Atlantic & Pacific Tea Co., Inc.,* 496 F.2d 1378, 1380 (5th Cir.1974); *McAllen State Bank v. Saenz,*

---

1. Section 6323(b) & (c) provide other exceptions to this rule not applicable to the case before the Court.

561 F.Supp. 636, 638–39 (S.D.Tex.1982); *United States v. Truss Tite, Inc.*, 285 F.Supp. 88, 91 (S.D.Tex.1968).

■ Neither, in the Court's opinion, is Plaintiff a "purchaser" within the meaning of Section 6323(a). The Court has found no cases addressing the issue of whether a division of property in a divorce proceeding can ever be a purchase entitled to the protections of that Section. The applicable Treasury Regulations, however, provide in pertinent part as follows:

> The term "purchaser" means a person who, for adequate and full consideration, in money or money's worth ..., acquires an interest ... in property which is valid under local law against subsequent purchasers without actual notice .... [T]he term "adequate and full consideration in money or money's worth" means a consideration in money or money's worth having a reasonable relationship to the true value of the interest in property acquired.

Treasury Regulations on Income Tax, § 301.6323(h)–1(f)

> [T]he term "money or money's worth" includes money, tangible or intangible property, services, and other consideration reducible to a money value .... A relinquishing or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights is not a consideration in money or money's worth.

*Id.,* § 301.6323(h)–1(a)(3).

Plaintiff argues that, in consideration for the Mockingbird residence, she gave the $4,500 lien against the property and "all her right, title and interest to all personalty that was in the possession of Mr. Harris." Plaintiff's Response, filed February 23, 1984. The Judgment, however, purports only to divide the Harris' property between them; nowhere is "consideration" mentioned. Moreover, the Judgment specifies that each spouse is to retain his/her own personal property; no reference is made to personalty of Plaintiff Harris in the possession of John A. Harris. Finally, the Court is of the opinion that Plaintiff acquired the residence in exchange for relinquishing her marital rights, and therefore is excluded from the operation of Section 6323(a) by the regulations quoted above. Accordingly, since the federal tax lien attached to the residence prior to the Judgment of Divorce, it takes priority over Plaintiff's interest.[2]

### Deficiency Judgment Against John A. Harris

The Court does not agree with John A. Harris that Defendant's Third-Party Claim against him is premature. The Stipulation unequivocally establishes Harris' liability for the tax debt. By letter dated October 14, 1982, the IRS advised Harris, at his request, to discontinue making payments on the debt "as a result of the sale of the home at 3801 Mockingbird, Dallas, Texas, which paid these tax liabilities in full." Exhibit 3 to Deposition of John A. Harris. As a result of this litigation, of course, the liability has not yet been paid. In the interim, statutory penalties continue to mount.

Defendant expects that the escrowed funds will be sufficient to satisfy the debt in full. If they do not, however, the Court is of the opinion that Defendant is entitled to a deficiency judgment against John A. Harris for the remainder.

### Conclusion

For all of the above reasons, Defendant U.S. is entitled to judgment in its favor as a matter of law. Fed.R.Civ.P. 56(c). Accordingly, its Motion for Summary Judgment should be, and it is hereby, GRANTED. Plaintiff's Motion should be, and it is hereby, DENIED. Defendant is hereby directed to promptly submit a proposed judgment in accordance with the terms of this Opinion and Order.

SO ORDERED.

---

**2.** *United States v. Rodgers,* —— U.S. ——, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) poses no bar to the satisfaction of the tax lien from the proceeds of sale of the Mockingbird residence. 103 S.Ct. at 2146–47. Plaintiff is entitled, of course, to as much of the proceeds as represents complete compensation for her separate homestead interest. *Id.,* at 2144–2146.