**V.J. PROCESSORS, INC. Law Offices of Wright & Reeves (David W. Reeves, Esq.) Y.Y. Corporation,**

v.

**FIREMAN'S FUND INSURANCE COMPANIES, United States of America (Internal Revenue Service) and Mid–Cape Fillet Corp.**

Civ. A. No. 86–227.

United States District Court, D. Vermont.

Nov. 2, 1987.

David W. Reeves, Wright & Reeves, Woodstock, Vt., for plaintiff.

Patti Page, Asst. U.S. Atty., Burlington, Vt., Gerard A. Brost, Trial Attorney Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

Richard Hull, Dick, Hackel & Hull, Rutland, Vt., for defendant Fireman's Fund.

Marvin Margolies, Margolies & Margolies, Boston, Mass., for defendant Mid–Cape.

## OPINION AND ORDER

BILLINGS, District Judge.

This case concerns the allocation and priority of liens against a judgment obtained in the Vermont Windsor County Superior Court. The original judgment was entered February 4, 1986 against defendant, Fireman's Fund Insurance Company ("Fireman's") in favor of plaintiff, V.J. Processors, Inc., ("V.J.") in the amount of $30,450. On August 12, 1986 plaintiffs in the instant matter filed their complaint seeking payment of the judgment amount with in-terest from March 26, 1986 as well as costs and attorneys' fees. After the United States of America ("IRS") removed the case to this Court, plaintiff filed a motion for summary judgment on July 27, 1987. On August 11, 1987 defendant filed its opposition to summary judgment. The IRS moved for an extension of time to adequately address the motion. The court heard argument on the motion for summary judgment on September 23, 1987.

## BACKGROUND

Pursuant to Fed.R.Civ.P. 56(c), we will grant a motion for summary judgment when, based upon the record, we determine "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The facts relevant to the plaintiff's motion are not in dispute. V.J. brought an action in Windsor County Superior Court for declaratory relief and damages against Fireman's seeking proceeds from a liability and indemnity policy. A final judgment was entered against Fireman's on February 4, 1986 in the amount of $30,450. Prior to the judgment, on March 7, 1984, V.J. made an unqualified partial assignment of the judgment funds in the amount of $22,500 to Y.Y. Corporation ("Y.Y.").

As a result of the judgment, Fireman's tendered a check in the amount of $30,450 to V.J. on March 26, 1986. The check was made payable to V.J., the IRS, David Reeves, Attorney for V.J. and plaintiff in this proceeding, and Mid–Cape Fillet Corporation. The check was returned to Fireman's as not negotiable due to the payees' inability to determine the allocation of the payments.

Reeves then brought this action for declaratory relief and damages in Windsor County Superior Court. The IRS, as defendant, removed the action to this Court pursuant to 28 U.S.C. § 1441. A default judgment was entered against Mid–Cape Fillet Corporation on November 24, 1986.

At oral argument the parties agreed to the following: Reeves holds an undisputed first lien over all other parties; Reeves'

lien amounts to $22,693.58; the IRS lien amounts to $10,707.56; and Y.Y. holds an assignment from V.J. in the amount of $22,500.

### DISCUSSION

▆▆ The only question before the Court is whether Y.Y. possessed a valid assignment and choate lien so as to take priority over the tax lien held by the IRS. It is a matter of federal law to determine whether a lien "has acquired sufficient substance and has become so perfected" as to be choate and defeat other liens. *United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 88, 83 S.Ct. 1651, 1655, 10 L.Ed.2d 770 (1963). A lien is choate under federal law when there is nothing more that needs to be done to perfect it. A perfected lien identifies the lienor, the property subject to the lien and establishes the amount of the lien. *Id.* at 89, 83 S.Ct. at 1655 (quoting *United States v. City of New Britain*, 347 U.S. 81, 84, 74 S.Ct. 367, 369, 98 L.Ed. 520 (1954)).

In the present case, Y.Y's assignment did not become choate until the property subject to that assignment came into existence—until there was actual property subject to the lien. *See id.* Prior to the February 4, 1986 judgment date, Y.Y. held through the assignment "equitable title to all such securities and rights as [were] incidental to the subject-matter of the assignment." *Newell Brothers v. Hanson*, 97 Vt. 297, 302, 123 A. 208 (1924). V.J. had held a claim against Fireman's but, prior to the judgment, did not hold a legally enforceable right. Therefore, after the assignment Y.Y. held only a claim, not a legally enforceable right. The legally enforceable right came into being on February 4, 1986. On that date the assignment Y.Y. possessed became a choate interest in that the identity of the lienor, the property subject to the lien, and the amount of the lien all were established. *See United States v. Pioneer American Insurance Co.*, 374 U.S. at 89, 83 S.Ct. at 1655.

Based on the *Pioneer American Insurance Co.* factors the IRS lien also became choate on February 4, 1986. At the time of the judgment the three factors necessary for a choate lien came into existence. *See id.* As a matter of law, therefore, both liens attached at the same point in time.

"[I]n the event of simultaneous attachment the federal liens are accorded priority." *MDC Leasing v. New York Property Insurance Underwriting Ass'n*, 450 F.Supp. 179, 181 (S.D.N.Y.1978), *aff'd*, 603 F.2d 213 (2d Cir.1979) (quoting *United States v. Graham*, 96 F.Supp. 318 (S.D.Cal. 1951), *aff'd sub nom. California v. United States*, 195 F.2d 530 (9th Cir.1952), *cert. denied*, 344 U.S. 831, 73 S.Ct. 36, 97 L.Ed. 647 (1952)). *See also Bank of Nevada v. United States*, 251 F.2d 820 (9th Cir.1957), *cert. denied*, 356 U.S. 938, 78 S.Ct. 780, 2 L.Ed.2d 813 (1958); *United States v. Meyer*, 346 F.Supp. 554 (S.D.N.Y.1972). Therefore, since the assignment of Y.Y. and the I.R.S. tax lien attached to the judgment simultaneously, under federal law the tax lien takes priority.

▆▆ As to the only question remaining, plaintiffs and the IRS argue that interest should be granted on the judgment amount from March 26, 1986. They contend that Fireman's properly should have interpleaded the judgment into the court for a judicial determination of any conflicting claims and that failure to do so improperly allowed Fireman's to retain the funds and thereby enjoy the benefits of any accumulated interest. Fireman's contends that it tendered and delivered the check in a timely fashion, did all that was required under the circumstances, and is not responsible for plaintiffs' inability to resolve the competing claims. We find that Fireman's, having had use of the funds during the post-judgment period, shall pay interest on the judgment amount at the statutory rate of 12 percent per annum, calculated from March 26, 1986. *See* 9 V.S.A. § 41a.

Therefore this Court finds that the attorney's lien held by plaintiff Reeves has first priority to the judgment funds in the amount agreed, $22,693.58, plus interest from March 26, 1986, and the IRS lien shall take second priority (ahead of the assignment to Y.Y.) in the amount of $7,756.42, plus interest from March 26, 1986.

For the foregoing reasons, plaintiff's motion for summary judgment is GRANTED and the defendant is directed to make disbursements in the stated order of priority not to exceed the amount of the judgment, with interest.

The Clerk shall enter judgment in accordance with this Order.

SO ORDERED.