**FIRST TWINSTATE BANK v. E. Thomas HART, et al. (Quechee Lakes Landowners Association, Appellant)**

[648 A.2d 820]

No. 92-256

April 2, 1993. Appellant Quechee Lakes Landowners' Association (QLLA) claims a lien for unpaid dues and assessments on real property purchased by E. Thomas Hart. The lien arises from a declaration of covenants for Quechee Lakes subdivision dated March 25, 1970, which was incorporated into Hart's warranty deed and recorded in the land records of the Town of Hartford. The covenants provided for annual dues to be paid by the "grantee" to QLLA. Appellee First Twinstate Bank sought to foreclose on the subject property on February 25, 1991, pursuant to a mortgage deed executed and delivered to it by Hart on April 21, 1986, and recorded in the land records on April 21, 1986.

The question before the Court is whether the trial court correctly determined that Twinstate's mortgage had priority over QLLA's lien. The common-law rule for the priority of liens is "first in time, first in right," with priority based on the time a lien attaches and becomes choate. *United States v. Pioneer American Ins. Co.*, 374 U.S. 84, 87–88 (1963). There are no Vermont cases on point as to when a lien becomes choate. Under federal law, a lien becomes choate when nothing more needs to be done to perfect it and make it enforceable. *V.J. Processors, Inc. v. Fireman's Fund Ins. Co.*, 679 F. Supp. 399, 401 (D. Vt. 1987). A lien is so perfected when the lien identifies the lienor, the property subject to the lien, and establishes the amount of the lien. *Pioneer American*, 374 U.S. at 89. Prior to the recording of Twinstate's mortgage, no dues had been assessed under the subdivision covenants, and the court found that an investigation at that point by Twinstate of unpaid dues under the covenants would have failed to disclose any existing encumbrances upon the property. QLLA's lien, therefore, failed to meet the third requirement of establishing the amount of the lien, and thus failed to

become choate until fees were actually assessed on the property, which did not occur until after Twinstate's mortgage was recorded. Thus, under the common law first-in-time rule, Twinstate's mortgage had priority.

QLLA argues, however, that the subdivision agreement controlled and that the agreement contained an express covenant creating a first priority lien as of the day the agreement was recorded. QLLA contends that as Twinstate took its mortgage with notice of the covenants, Twinstate therefore was subject to QLLA's lien. We disagree as we find that the agreement lacked an express subordination provision. The agreement would have controlled if it had, in fact, contained express language creating a priority lien and given adequate notice of an agreement to subordinate subsequent liens. See *American Holidays, Inc. v. Foxtail Owners Ass'n*, 821 P.2d 577 (Wyo. 1991) (condominium association's lien for assessments held to have priority over subsequent purchase money mortgage where condominium declaration contained express subordination agreement; agreement found to control even over priorities established by law). QLLA could have effectively avoided conflicts of priority by including in the subdivision covenants language expressly stating that its lien would take priority over a purchase money mortgage on any property subject to the covenants. Here, in the absence of a statute or an express agreement as to priority, the common-law rule applies, and the lien's priority is determined by its date of perfection.

*Affirmed.*